145 N.J. Super. 140 (1976)
366 A.2d 1361
JUNE B. MONTAG, PLAINTIFF,
v.
BERGEN BLUESTONE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 29, 1976.
*141 Mr. Gary S. Stein for plaintiff (Messrs. Stein and Kurland, attorneys).
Mr. John F. O'Donnell for defendant (Ms. Joan B. Sherman, attorney).
PRESSLER, J.S.C.
This motion for summary judgment raises a novel and narrow question of interpretation of that *142 provision of the New Jersey Automobile Reparation Reform Act (No-Fault Law) which requires that a plaintiff sustaining a nonpermanent soft tissue injury meet a medical expense threshold of $200 in order to maintain a liability action against the alleged tortfeasor. N.J.S.A. 39:6A-1 et seq., 39:6A-8. The problem here presented, one of limitations, is to determine the date on which plaintiff's cause of action accrues. Is it the date of the accident or the date, if later, on which plaintiff actually incurs or is reasonably chargeable with the knowledge that she is likely to incur such medical expenses as will meet the threshold?
The factual background giving rise to this issue, as appears from the pleadings and affidavits, is relatively simple. On October 2, 1973, plaintiff June Montag was the driver of an automobile which was struck in the rear by a vehicle driven by defendant's employee. She and her two passengers were taken by ambulance to the emergency room of Hackensack Hospital and released shortly after arrival. Later that day Mrs. Montag, suffering pain in her back and neck, consulted her family physician. According to her affidavit, he treated her with muscle relaxants and diathermy on 12 occasions between October 2, 1973 and February 11, 1974, rendering a total bill for services in the amount of $125. At the time of her discharge in February 1974 she did not anticipate the necessity of any further medical treatment. She had, in fact, consulted an attorney, present counsel, shortly after the accident and was advised by him in writing, both in November 1973 and early in May 1974, that she had no cause of action for tort liability since her eligible medical expenses had not reached the $200 threshold. Late in May 1974, her pain and discomfort having become exacerbated, she consulted a chiropractor, who conducted, she says, a complete neurological and physical examination and treated her several times a week between that date and August 7, 1974, rendering a total bill of $244. On August 23, 1974 she consulted an orthopedist who rendered a bill of $50, and on *143 September 17, 1974 she advised her attorneys that she had incurred these additional expenses. She apparently has had no further medical attentions since the summer of 1974 for these soft tissue injuries of the neck and back.
This automobile negligence action was instituted on March 10, 1976, some two years and five months following the date of the accident but less than two years after the commencement of that separate course of treatment which resulted in the exceeding of the medical expense threshold. Defendant moved for summary judgment dismissing the complaint on the ground that the action is barred by a two-year statute of limitations which began to run on the date of the accident. It argues alternatively that plaintiff, having known of the accrual only seven or eight months after the date of the accident was, in any event, obliged to commence the action within two years after the accident date. Plaintiff's position is simply that the cause of action did not accrue for limitations purposes until she actually incurred or should have known she would incur $200 in eligible medical expenses. Since neither of those conditions occurred until May 1974, she contends that she had two full years thereafter in which to start her action and hence that the March 1976 commencement date was timely with at least two months to spare. For the reasons herein set forth, the court finds itself obliged to agree with plaintiff's contentions and, subject to the conditions hereafter stated, to deny defendant's motion.
Since the No-Fault Law itself contains no limitations provision in respect of liability actions,[1] it is clear that the accrual question here posed can be resolved only by resort to N.J.S.A. 2A:14-2, the general statute of limitations applicable to personal injury actions, construed in light of *144 the conceptual foundations and underlying policy considerations of that provision, and by an analysis of the extent to which, if at all, the tort liability exemption of N.J.S.A. 39:6A-8 purports to or was intended to modify the common law of tort liability.
N.J.S.A. 2A:14-2 provides simply and in full that:
Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.
It is well settled, as a matter of judicial interpretation, that the date on which a cause of action accrues, and hence the date from which the statute of limitations starts to run, is the date upon which the right to institute and maintain a suit first arises. Rosenau v. New Brunswick and Gamon Meter Co., 51 N.J. 130, 137 (1968); Fredericks v. Dover, 125 N.J.L. 288, 291 (E. & A. 1940). And see, Lutz v. Semcer, 126 N.J. Super. 288, 297 (Law Div. 1974), defining the accrual date as the date upon which "facts exist which authorize one party to maintain an action against another." It is also well settled that there are two essential elements of a cause of action based on the alleged negligence of a tortfeasor which must exist in order to make that cause of action viable and a suit based thereon maintainable, namely, the act of negligence itself and a consequential injury resulting therefrom. Without an injury, the negligence itself is not actionable. See Rosenau v. New Brunswick and Gamon Meter Co., supra; Kovacs v. Everett, 37 N.J. Super. 133, 137 (App. Div. 1955), certif. den. Kovach v. Kovacs, 20 N.J. 466 (1956).
Traditionally and customarily, where the negligence action is based on an automobile accident the cause accrues when the accident takes place. See, e.g., Raskulinecz v. Raskulinecz, 141 N.J. Super. 148, 151 (Law Div. 1976). *145 The obvious reason for that accrual date is that the injury is sustained when the impact occurs, whether or not the causative negligent act was virtually simultaneous with the impact or preceded it. But the concurrence of the accident and the accrual of the cause is further premised upon the common-law rule that any injury, irrespective of its extent, duration or consequence, and thus, however minimal, will sustain a cause of action. As the court noted in Lutz v. Semcer, supra, "Any wrongful act for which the law provides a remedy resulting in injury to the person, though slight, gives right to institute an action therefor, and a cause of action accrues at that time." See also, Rankin v. Sowinski, 119 N.J. Super. 393, 401 (App. Div. 1972).
The whole point, however, of the tort liability exemption provision of N.J.S.A. 39:6A-8 was to alter the common-law rule by denying actionability to slight injuries sustained in automobile accidents  slight being ultimately defined as nonpermanent soft tissue injuries involving less than $200 in treatment expenses. See the report of the New Jersey Automobile Insurance Study Commission to the Governor and the Legislature, "Reparation Reform for New Jersey Motorists," xiii, 134b-135 (1971); Iavicoli, No Fault and Comparative Negligence in New Jersey, (1973) chapter 14 at 123 et seq. (1971). And see, Emma v. Romano, 136 N.J. Super. 255, 258-259 (Law Div. 1975). Thus, where the No-Fault Law applies, an injured victim, contrary to his position at common law, does not necessarily have an accrued cause of action against the tortfeasor when the accident occurs. And if his injury is of a nonpermanent soft tissue character, he will never have a cause of action against him if he does not meet the medical expense threshold. Again, contrary to common law, the determination of whether he has a cause of action at all depends on a subsequently ascertained degree of injury. The medical expense threshold by which the actionable degree of soft tissue injury is measured is expressed by N.J.S.A. 39:6A-8 as treatment expenses *146 "incurred or to be incurred." It cannot, therefore, be until the injured person does incur or is reasonably chargeable with the knowledge that he will incur eligible expenses that his right to maintain his suit for common law tort liability arises, and it is that date on which, by definition, his cause of action accrues.
The court is mindful that the consequence of the failure to meet the monetary threshold is articulated by the statute in terms of the tortfeasor's exemption from suit rather than in terms of the plaintiff's right to sue[2] and that ordinarily an exemption of a defendant from suit goes to the barring of plaintiff's remedy rather than to the existence of his right. The right-remedy dichotomy is, however, here regarded as casuistical rather than conceptual.[3]
First, it has been suggested that the tort liability exemption of the statute is akin to such typical common law and statutory immunities as the charitable immunity, the interspousal and parental immunities and the governmental immunity. These immunities, it is further suggested, are characteristically affirmative defenses to an extant cause of action. Hence, if they are properly pleaded and proved by defendant, their effect is only to preclude plaintiff's remedy. *147 See Fennell v. Ferreira, 133 N.J. Super. 63, 67-70 (Law Div. 1975). There is, however, a critical distinction between that type of immunity and the tort liability exemption in respect of the monetary threshold. The immunities referred to are, in effect, status immunities. They derive either from the independent identity of defendant, such as a governmental unit, or from the relationship of the parties  parent and child, husband and wife, charitable organization and beneficiary. Typically, the status or relationship giving rise to the immunity is objectively determinable as of the date of the injury. It exists wholly independently of the alleged tort and is totally unrelated to the consequence of the tort. The tort liability exemption, vis-a-vis the monetary threshold, is, to the contrary, wholly circumstantial and has nothing whatever to do with the status of an individual party or the relationship between the parties. It has no existence independent of the injury itself. It is, on the date of the accident, as inchoate as is the injured party's cause of action. It is only when the extent of the injury in terms of its failure to meet the threshold is determined that the exemption first has any legal vitality, just as plaintiff's inchoate cause of action itself only first accrues when the threshold is met. The exemption and the cause of action are therefore simply alternative converse expressions. There is never an exemption if the threshold is met. It is only when the cause of action fails to accrue by reason of failure to meet the threshold that the exemption arises.
It is further significant to note that the exemption provided for by N.J.S.A. 39:6A-8 is not conditioned on the threshold alone. The statute also requires in order for the exemption to arise that the prospective plaintiff be a person who either must maintain the coverage mandated by the No-Fault Law or is entitled to receive personal injury protection benefits pursuant to N.J.S.A. 39:6A-4, and also that the prospective defendant be a person covered by that section or a person or organization legally responsible for his acts. It is with that aspect of the exemption, clearly based on status *148 and not on happenstance, and therefore clearly akin conceptually and consequentially to the traditional immunities, with which Fennell v. Ferreira, supra, dealt, and on the basis of which it held that the tort liability exemption is in the nature of an affirmative defense.
It should further be pointed out that the determination of whether a given legal fact is a matter constituting an element of the cause of action or a matter constituting an affirmative defense may well depend on the context in which the inquiry is made and the consequence of the categorization. Ordinarily, if characterized as an element of the cause of action it is required to be pleaded and proved by plaintiff, but if characterized as an affirmative defense, it is defendant's burden to plead and prove it. Furthermore, if it is an affirmative defense, it can be waived and the action may proceed despite the existence of that legal fact. If, however, that fact is an element of the cause of action, it is interposable by defendant at any time, and whenever interposed will defeat the plaintiff's suit. There is, however, a hybrid species of legal fact which is defensive in that it is ordinarily defendant's rather than plaintiff's burden to plead, but elemental in that defendant's failure to do so will not bar his right to raise it and thus to defeat the action at any time during the litigation. This is a "defense" which is characterized as "going to the cause of action" and hence is expressly preserved pursuant to R. 4:6-7, which saves from waiver the R. 4:6-2(e) defense of failure to state a claim upon which relief can be granted. See, e.g., Faul v. Dennis, 118 N.J. Super. 338, 343-344 (Law Div. 1972) (so holding in respect of the parent-child immunity); O'Connor v. Altus, 67 N.J. 106, 116 (1975), and Rappeport v. Flitcroft, 90 N.J. Super. 578, 580-581 (App. Div. 1966) (so holding in respect of the statute of limitations)
Failure to meet the monetary threshold is clearly within this category of hybrid legal fact. While plaintiff is not generally required to allege in his complaint that the threshold has been met, the fact remains that his actual failure *149 to meet the threshold and his failure to so prove at trial, if the issue has not been sooner raised, will result in the termination of the action on the ground that it was not genuinely maintainable in the first place. See Emma v. Romano, 136 N.J. Super. 255, 258 (Law Div. 1975), granting defendant's summary judgment on the ground of failure to meet the threshold and observing that the legislative intent was to "segregate out of our legal system" claims based on soft-tissue injuries below the threshold. And see, Seskine v. Cone, 139 N.J. Super. 307, 309-310 (Law Div. 1976), characterizing the threshold as "jurisdictional" and as "the statutory sine qua non," and granting defendant's motion to dismiss on that ground made at the close of plaintiff's case at trial despite his own failure to have theretofore raised the issue by pleading or pretrial motion.
It must further be noted that the no-fault threshold significantly differs in concept and effect from the threshold prescribed by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. N.J.S.A. 59:9-2(d) provides that except where the injury involves permanent loss of bodily function permanent disfigurement or dismemberment, no damages shall be awarded against a public entity or public employee for pain and suffering from an injury involving treatment expenses not exceeding $1000. It is obvious that this provision in no way affects the maintainability of the action itself. It only limits the permissible extent of the recovery by eliminating one of the customary elements of common-law personal injury damages. See Lutz v. Semcer, supra, 126 N.J. Super. at 297, expressly so holding in its observation that the Tort Claims Act threshold "refers to the damages which are allowable in an action against a public entity or public employees. It has no bearing whatsoever on the time of the accrual of plaintiff's cause of action." Cf. Reale v. Wayne Tp., 132 N.J. Super. 100, 115-116 (Law Div. 1975).
Finally, it is not the so-called discovery rule of accrual in its true sense that is here applicable. That rule, based on *150 equitable considerations, defers the accrual date of a negligence action from the date when the injury is actually sustained to the time when plaintiff becomes aware or is chargeable with the knowledge that the injury has been sustained. See Fernandi v. Strully, 35 N.J. 434 (1961); New Market Poultry Farms, Inc. v. Fellows, 51 N.J. 419 (1968); Diamond v. New Jersey Bell Tel. Co., 51 N.J. 594 (1968); Lopez v. Swyer, 62 N.J. 267 (1973); Fox v. Passaic General Hospital, 71 N.J. 122 (1976). Rather, the court considers the more nearly applicable legal rule here to be the quite distinct principle that the occurrence of the actionable injury may take place at a point in time subsequent to the act of negligence itself, and when it does, the date of accrual of the cause of action is deferred until the actionable injury has been sustained. See Rosenau v. New Brunswick and Gamon Meter Co., 51 N.J. 130 (1968). There is, however, a fundamental point of similarity between application of the discovery rule and the application of the Rosenau rule here. In both, the accrual date is determined by the subjective criterion of plaintiff's knowledge rather than, as is usually the case, the objective criterion of the occurrence of an external event. Thus, in the discovery cases the action accrues when plaintiff first knew or should have known of the injury. Here the cause of action accrues when plaintiff knew or should know that the monetary threshold would be met.
Reliance upon the subjective criterion of knowledge in order to ascertain the accrual date clearly invokes the holding of Lopez v. Swyer, supra, which requires a pretrial proceeding, as therein prescribed, for determination of when plaintiff knew or should have known of the operative facts upon which accrual depends. That subjective criterion also necessarily invokes the rule enunciated by Fox v. Passaic General Hospital, supra. Fox stands for the proposition that plaintiff has a full two years from the deferred accrual date in which to commence the action except in one limited situation  that is the situation in which plaintiff acquires the necessary knowledge within two years following the date of *151 the act of negligence itself. Where that is the case, defendant may successfully invoke the bar of the statute of limitations if he can demonstrate, first, that plaintiff gained the critical knowledge sufficiently soon after the act of negligence so as to have had a reasonable time prior to the expiration of two years thereafter in which to commence the action, and second, that defendant will suffer peculiar or unusual prejudice by the lapse of time between the expiration of that two years and the date of the institution of the action. Since plaintiff here acquired the necessary knowledge only seven months after the accident, the Fox exception is relevant here.
Plaintiff's affidavit, standing alone and prima facie, would support a finding that she was not reasonably chargeable with knowledge that she would incur the threshold expenses until May 1974. Defendant, however, is clearly entitled to an opportunity to test that fact if it desires to do so, and to demonstrate as well, in accordance with the dictates of Fox v. Passaic General Hospital, supra, that it would incur undue prejudice by reason of the late accrual date. The court is satisfied from plaintiff's affidavit that she indisputably knew that she would meet the threshold soon enough after the accident date to have reasonably been able to institute this action within two years thereafter. Therefore, as to its burden, defendant need only demonstrate the required degree of prejudice in order to invoke the bar of the statute of limitations.
Defendant may file, within 20 days from the date hereof, a notice of motion for pretrial determination of these issues. Should it so do, the court will fix a date for the taking of proofs before it. Plaintiff shall be available to testify and the parties may, of course, present whatever other proofs they deem appropriate for resolution of these issues. If defendant does not so move, a date for plenary trial of the negligence action will be fixed.
The court is aware that its holding here may permit potentially anomalous results by preserving the actionability of claims which may be hardly more significant vis-a-vis the *152 injury sustained than the very claims the Legislature has already abrogated. The court concludes, however, that while the Legislature indeed does have the option in no-fault cases to designate the accident date as the accrual date, and while perhaps it ought to do so, it has in fact not yet so acted. The court, therefore, regards itself as having no alternative but to have resolved the issue here presented on the basis of applicable jurisprudential imperatives and logical consistency. If plaintiff's cause survives the pretrial challenge here afforded, her action may proceed.
NOTES
[1] The only limitations provision contained in the Automobile Reparation Reform Act itself relates to the commencement of direct actions against the responsible insurer for payment of personal injury protection benefits. See N.J.S.A. 39:6A-13.1.
[2] The pertinent language of N.J.S.A. 39:6A-8 is that every tortfeasor to whom the act is applicable "is hereby exempted from tort liability for damages to any person * * * as a result of bodily injury * * * if the bodily injury, is confined solely to the soft tissue of the body and the medical expenses incurred or to be incurred by such injured person * * * is less than $200.00, exclusive of hospital expenses, X-rays and other diagnostic medical expenses. There shall be no exemption from tort liability if the injured party has sustained death, permanent disability, permanent significant disfigurement, permanent loss of any bodily function or loss of a body member in whole or in part * * *."
[3] See, generally, Note, "Developments in the Law  Statutes of Limitations," 63 Harv. L. Rev. 1177, 1186 (1950), characterizing the right-remedy distinction in respect of limitations problems as "unfortunate" and generally criticizing it as obsolete, artificial and sophistical.