159 N.J. Super. 352 (1978)
388 A.2d 239
FRED CAPPADONA AND JOSEPHINE CAPPADONA, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
FREDERICK J. ECKELMANN AND ROBERT ELIAS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 13, 1978.
Decided May 4, 1978.
*353 Before Judges ALLCORN, MORGAN and HORN.
*354 Mr. Harvey Levine, attorney for appellants.
Messrs. Lynch, Mannion & Lewandowski, attorneys for respondents (Mr. James D. Martin on the brief).
PER CURIAM.
N.J.S.A. 39:6A-8, the so-called tort exemption provision of the No Fault Law, exempts defendants to whom the act applies from liability to an automobile accident victim who sustains soft tissue, nonpermanent injury for which less than $200 in medical expenses is incurred.[1] At issue in this appeal is the effect, if any, of this provision on the accrual date of a tort action in which, as is normal, medical expenses cross the monetary threshold barrier at some time after the date of the accident and injury. Does the tort exemption provision defer the date upon which a tort action accrues to the date monetary requirements of N.J.S.A. 39:6A-8 have been met for purposes of calculating the period of limitations within which such a suit must be brought? Trial level opinions dealing with this issue have reached contradictory results. Compare Montag v. Bergen Bluestone Co., 145 N.J. Super. 140 (Law Div. 1976), with Rescigno v. Picinich, 151 N.J. Super. 587 (Law Div. 1977). In this appeal the complaint was dismissed on *355 defendant's motion because it was filed more than two years after the date on which the accidentally produced injuries were sustained, although less than two years after the monetary threshold was reached. Plaintiffs appeal.
The facts pertinent to the sole issue presented are not in dispute. On February 1, 1975 the automobile in which plaintiff owner, Fred Cappadona, was riding was struck from the side by a van owned by Robert Elias and driven by his employee, Frederick J. Eckelmann. On the day of the accident plaintiff sought medical treatment from Dr. James O'Connell for severe headaches, scalp pain, painful neck movement, loss of memory, particularly for details of the accident, pressure numbness and tightness in the head, sensitivity to bright lights, drowsiness, blurred vision, anxiety, irritability, dizziness, self-preoccupation, restlessness, seclusiveness, sadness, impatience, crankiness and short temper. Following an examination Dr. O'Connell diagnosed plaintiff's condition as a brain concussion, a cervical sprain, post-traumatic neurosis and aggravation of a preexisting arthritic condition requiring physiotherapy, chemotherapy and psychotherapy.
Thereafter, Dr. O'Connell treated plaintiff between February 3, 1975 and April 11, 1975, two or three times a week, or a total of 22 times, for which plaintiff was billed $380. According to plaintiff, a fair reading of this undated bill suggests that the $200 threshold was crossed no earlier than March 19, 1975 and argues that that date marks the accrual of plaintiff's cause of action, citing in support Montag v. Bergen Bluestone Co., supra. Hence, under plaintiff's theory, the complaint, filed February 7, 1977, more than two years after the accident but less than two years from the date as of which $200 worth of treatment was expended, was timely.
The trial judge disagreed, holding that the 22-month period following termination of plaintiff's treatment and his acquisition of knowledge that the tort exemption provision did not apply provided ample time in which suit *356 could have been filed. He further held that elements of plaintiff's damage claim, such as the one for post-traumatic neurosis, of which he had knowledge immediately following the accident, were not of the soft tissue type to which threshold requirements were applicable. Suit for those elements of damage could have been filed immediately.
We regard the accrual date of a cause of action based upon soft tissue injury of a nonpermanent kind to which the monetary threshold requirement for liability is applicable as being unaffected by that provision. In all such claims, the cause of action will be normally deemed to have accrued, in accordance with traditional criteria, when actual consequential damages or loss from a defendant's alleged negligence or wrongdoing are suffered. Diamond v. N.J. Bell Tel. Co., 51 N.J. 594, 596 (1968); Biglioli v. Durotest Corp., 44 N.J. Super. 93, 101 (App. Div. 1957). We do not discern in N.J.S.A. 39:6A-8 any suggestion that the Legislature intended the limited tort exemption therein provided to affect the normal rules for determining when a tort claim accrues. Indeed, the exemption is described as an exemption from liability, not from suit. No legal impediment precludes the filing of a complaint in tort on the day following the injury-producing accident. See Parry v. Scott, 80 Misc.2d 1049, 364 N.Y.S.2d 695 (Sup. Ct. 1975). True, a defendant so sued for damages resulting from the kind of injury to which the monetary threshold applies may obtain a dismissal if the threshold is not met by the time of trial. But a complaint filed before $200 in treatment of soft tissue injuries is expended, is nonetheless a valid complaint, subject, however, to dismissal before or at trial for failure to comply with the threshold requirements. Because an injury sustained as a result of a negligently caused accident is immediately actionable, it accrues on the date of the accident and, pursuant to N.J.S.A. 2A:14-2, will normally be barred if the complaint is filed later than two years from that date.
*357 We see little to distinguish a personal injury claim surviving the threshold requirements from any other kind of similar claim. Complaints are frequently filed before the full facts regarding injury and liability are known. Indeed, rule provision has been expressly made for filing complaints against unknown defendants who, as it may turn out, may never be known. R. 4:26-5; Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973); Lawrence v. Bauer Publishing & Printing Ltd., 143 N.J. Super. 387 (Law Div. 1976). Complaints in federal diversity actions may and are frequently filed to avoid the bar of limitation where a plaintiff may be uncertain that the amount in controversy equals the diversity jurisdictional level. 28 U.S.C.A. § 1331. So in the cases subject to N.J.S.A. 39:6A-8, although uncertain that the threshold requirement will be met, a claimant may nonetheless file a complaint in tort realizing, however, that the claim may prove to be not actionable in the event cost of treatment fails to equal the threshold amount, at least by time of trial. A motion to dismiss a complaint so filed during a period in which treatment is continuing or where further treatment is anticipated should not be granted at that point, but either denied without prejudice or held until it is known whether the threshold amount will be realized, perhaps not until trial date. It will be only the extremely rare soft tissue case with treatment therefor not exceeding $200 in cost during a two-year period of time which will result in unforeseen serious consequences after trial date that could possibly be affected by this holding. Rearranging traditional concepts of when tort actions accrue should not turn on that rare case.
The tort exemption provision, N.J.S.A. 39:6A-8, is no more than an affirmative defense to be pleaded and proved by the party favored by it. Rescigno v. Picinich, supra, 151 N.J. Super. at 598; Fennell v. Ferreira, 133 N.J. Super. 63, 68-70 (Law Div. 1975). It is not an element of a plaintiff's cause of action. Enforcement of the *358 provision thus rests primarily with defendants and not with the courts by way of adhering to jurisdictional limitations. Indeed, we do not conceive N.J.S.A. 39:6A-8 to be a limitation on the jurisdiction of the courts; a judgment entered for injuries not actionable under the tort exemption provision would nonetheless, in our view, be a valid judgment.
We disagree with the trial judge to the extent he suggests that the "discovery rule"[2] normally plays a role in determining when a tort claim, surpassing the threshold, accrues. We regard the claim in the present matter as having been barred not because plaintiff had ample time, following knowledge that the threshold was reached, in which to file his complaint within the period allowed by N.J.S.A. 2A:14-2, but simply because it was not filed within the normal limitation period and no basis was shown upon which the discovery rule could properly be held applicable to defer the accrual date of his claim. The consequences of a wholesale importation of the subjective criteria characterizing the "discovery rule" into automobile personal injury cases which survive the limited tort exemption barrier would not only frustrate the most fundamental aims of the No Fault Law but the legitimate interests served by enforcement of our traditional period of limitations.[3] With *359 respect to the former, the comments in Rescigno v. Picinich, supra, are particularly apt:
The economic benefits which justify the whole concept of tort liability exemption would be dissipated by an application of the discovery rule to claims arising under the act. Application of the discovery rule, or any modification of that rule, would necessitate insurance carriers setting aside vast open-ended reserves until such times as persons who must maintain coverage, or who have a right to receive benefits, actually accumulated medical expenses in the amount of $200 or more, or as urged in the case at bar, "discovered" the permanent nature of their injuries. [151 N.J. Super. at 599]
With respect to the latter, the interests served by enforcement of the general period of limitations, defendants and their carriers would be put to the litigation of stale claims both as to their liability and damage aspects. We fail to perceive any real justification for according claimants under the No Fault Act a more generous, and subjectively based period of limitations, than that accorded personal injury claimants not subject to its terms. In both, any egregiously unjust application of the period of limitations can be dealt with in the context of such a case, leaving the vast majority *360 to the normal and, we might add, minimal requirements of the general period of limitations. Where a particular case warrants application of the discovery rule, there is no theoretical reason why claimants subject to N.J.S.A. 39:6A-8 requirement should not receive its benefits. All we hold is that the normal accrual date of a cause of action arising despite the threshold requirement is not normally and invariably amenable to the indulgence of that rule.
In the present case, we agree with the trial judge that plaintiff knew he was injured on the day the accident occurred. He saw his doctor that day and conveyed to him a host of complaints, several of which are not of the soft tissue injury type. During the ensuing few months he received treatment for these complaints. Within months of the accident the threshold requirements of N.J.S.A. 39:6A-8 were met and without possibility of dispute, suit therefor could have been instituted at or before that time. In this factual context, we see no possible basis upon which the discovery rule could properly be applied so as to render timely a complaint filed 22 months after the monetary threshold had been reached and over two years after plaintiff knew he had been injured.
Affirmed.
NOTES
[1] N.J.S.A. 39:6A-8, in pertinent part, provides:

Every owner, registrant, operator or occupant of an automobile to which section 4, personal injury protection coverage, regardless of fault, applies * * * is hereby exempted from tort liability for damages to any person who is required to maintain the coverage mandated by this act, or to any person who has a right to receive benefits under section 4 of this act as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, if the bodily injury, is confined solely to the soft tissue of the body and the medical expenses incurred or to be incurred by such injured person * * * is less than $200.00, exclusive of hospital expenses, X-rays and other diagnostic medical expenses. There shall be no exemption from tort liability if the injured party has sustained deatn, permanent disability, permanent significant disfigurement, permanent loss of any bodily function or loss of a body member in whole or in part, regardless of the right of any person to receive benefits under section 4 of this act. * * *
[2] The discovery rule, based upon equitable considerations, defers the accrual date of a negligence action from the date when the injury is actually sustained to the time when plaintiff becomes aware or is chargeable with knowledge that the injury has been sustained. See Fernandi v. Strully, 35 N.J. 434 (1961); Fox v. Passaic General Hosp., 71 N.J. 122 (1976).
[3] A few examples suffice. Permanent disability is not subject to the threshold requirements; hence whether Montag, supra, or Rescigno, supra, is applied, claims for such injuries are immediately actionable. Universal application of the discovery rule to such claims might defer the accrual date of the cause of action until the victim learns that his injury, and its consequent disability, is permanent simply because, over the years, it has failed to disappear. Such suits, theoretically, could be brought years after the normal accrual date. Holding the discovery rule inapplicable to injuries of a permanent nature while applicable to soft tissue injuries subject to the threshold requirement is simply not a feasible alternative, and makes no sense. Why should the Legislature have intended a more generous period of limitations to the more minor injury while holding more seriously injured claimants to the more restricted period in which to sue?

With respect to soft tissue injury, there undoubtedly will be cases where what appears during the first two years to be minor injuries, will develop in the ensuing years into something considerably more serious. Barring such claims by application of the normal period of limitations is no different from barring other similar late developing claims for injuries sustained in other legal settings. Bauer v. Griffin, 104 N.J. Super. 530 (Law Div. 1969), aff'd 108 N.J. Super. 414 (App. Div. 1970). Attempting to save such claims from the bar of the statute, by other than the selective and careful application of the discovery rule where warranted, burns the barn to roast the pig, and creates, without real justification, a class of favored claimant where the Legislature never so intended.