421 A.2d 826

**Linda B. DONNELLY, Appellant,**

v.

**William R. DeBOURKE, Jr.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed Sept. 12, 1980.

Petition for Allowance of Appeal Denied Feb. 27, 1981.

488

Gene A. Foehl, Media, for appellant.

Joseph W. McGuire, Philadelphia, for appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PRICE, Judge:

This appeal presents our court with another question of first impression involving interpretation of the Pennsylvania No–fault Motor Vehicle Insurance Act.[1] Simply stated, the question presented is: What event triggers the commencement of the two year statute of limitations on tort actions arising from motor vehicle accidents? We agree with the conclusion of the trial court that the two year period commences on the date the injury is sustained and not on the date the plaintiff meets the threshold limits delineated in the No–fault Act. Accordingly, we affirm the order of the court of common pleas.

The pertinent facts are as follows. Appellant was injured on December 11, 1976, when an automobile in which she was riding was struck from behind by a vehicle driven by appellee. It was not until September 6, 1979, that appellant filed a complaint against appellee and alleged, *inter alia*, that due to appellee's negligent operation of his motor vehicle, she sustained injuries of a severe and permanent nature and incurred expenses in excess of the threshold amounts specified in sections 301 and 202 of the No–fault Act. Appellee filed preliminary objections and asserted that appellant's cause of action was barred by the statute of limitations as defined in the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S. § 5524. The trial court sustained appellee's preliminary objections, thereby dismissing appellant's complaint. It is from this order that appellant appeals.

Initially, we note that when considering preliminary objections in the nature of a demurrer, we accept as true all well–pleaded material facts in the complaint as well as all inferences reasonably deducible therefrom. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *Vitteck v. Washington Broadcasting Co.*, 256 Pa.Super. 427, 389 A.2d 1197 (1978); *Barto v. Felix*, 250 Pa.Super. 262, 378

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 (40 P.S. §§ 1009.101 *et seq.*).

A.2d 927 (1977). In this endeavor, we are mindful that preliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt, *i. e.*, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. *Allstate Insurance Co. v. Fioravanti, supra; Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970); *Vitteck v. Washington Broadcasting Co., supra.*

One of the key features of the No–fault Act is the abolition of tort liability. Under section 301 of the Act, tort liability with respect to any injury arising out of the maintenance or use of a. motor vehicle in this Commonwealth is abolished except in situations in which, *inter alia*: (1) a vehicle involved in the accident was "unsecured"; (2) the infliction of injury was intentional; (3) the injured sustains loss in excess of the limitations for allowable expense, work loss, replacement services loss, or survivors loss as specified in section 202 [2] of the Act; (4) the injury is not covered by basic loss benefits payable under section 103; or (5) non–economic detriment is incurred and the accident resulted in: (a) death or serious and permanent injury; (b) reasonable and

**2.** Section 202 provides:

"(a) Allowable expense limits.–Allowable expense, as defined in section 103 of this act shall be provided or the equivalent in the form of a contract to provide for services required.

(b) Work loss limits.–Work loss, as defined in section 103 shall be provided:

(1) up to a monthly maximum of:

(A) one thousand dollars ($1,000) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures; or

(B) the disclosed amount, in the case of a named insured who, prior to the accident resulting in injury, voluntarily discloses his actual monthly earnings to his obligor and agrees in writing with such obligor that such sum shall measure work loss; and

(2) up to a total amount of fifteen thousand dollars ($15,000).

(c) Replacement services losses.–Replacement services loss, as defined in section 103 shall be provided up to a daily maximum of twenty–five dollars ($25) for an aggregate period of one year.

(d) Survivors losses.–Survivors loss, as defined in section 103 shall be provided in an amount not to exceeds five thousand dollars ($5,000)." (footnote omitted).

necessary medical and dental services, with certain exclusions, in excess of $750; physical or mental impairment that prevents the injured from performing all or substantially all of his usual and customary duties for more than sixty days; or (c) cosmetic disfigurement which is permanent, irreparable and severe. In her complaint, appellant averred that she suffered injuries of a serious and permanent nature, sustained loss that "may exceed" the recoverable limits delineated in section 202 of the Act, and incurred medical expenses in excess of the $750 threshold amount specified in section 301. On appeal, appellant contends, in essence, that because under the Act, one is not liable for allowable expense, work loss, survivors loss, replacement services loss, or non–economic detriment until the threshold amounts are met, the statute of limitations on actions of that gender should not begin until the date the requirements of the No–fault Act are fulfilled or until such time as the plaintiff knew or should have known that the threshold limits would be met. We disagree.

The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims that may greatly prejudice the defense of such claims. *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971); *Ulakovic v. Metropolitan Life Insurance Co.*, 339 Pa. 571, 16 A.2d 41 (1940). Section 5524 of the Judicial Code [3] read in conjunction with section 5502, mandates that all actions "to recover damages for injuries to the person . . . caused by the . . . negligence of another" must be commenced within two years from the time the cause of action accrues. As applied to causes of action to recover damages for injuries sustained in

**3.** Section 5524, promulgated in 1976, did not become effective until June 27, 1978, eighteen months after the accident in the instant case and thirteen months before appellant filed her complaint. Prior to the effective date of section 5524, the statute of limitations for negligence actions was governed by 12 P.S. § 34, Act of June 24, 1895, P.L. 236, § 2, which also designated a two year period.

The No–fault Act did not provide for any variance from the statute of limitations defined in 12 P.S. § 34, the statute in effect at the time the No–fault Act was promulgated.

automobile accidents, the two year period of the statute of limitations has traditionally begun on the date the injuries were sustained. *See, e. g., Katz v. Greig*, 234 Pa.Super. 126, 339 A.2d 115 (1975).

■ It is true, as appellant notes, that in certain situations, the statute of limitations does not begin to run on the date the injury–causing event occurs, but rather on the date the injury is or reasonably should have been "discovered." These exceptional situations include medical malpractice cases, *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959); *Puleo v. Broad Street Hospital*, 267 Pa.Super. 581, 407 A.2d 394 (1979), and cases in which knowledge of the injury is unattainable due to the laws of nature or because of actual fraud of the wrongdoer. *See, e. g., Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.*, 167 Pa. 136, 31 A. 484 (1895).

Appellant advocates application of the "discovery" rule to the instant situation and would have us hold that the statute of limitations should not be deemed to commence until the date the injured party "first knew, or should be charged with the knowledge, that the $750.00 threshold, or any other requirement for tort recovery under the 'No–fault Act' would be met." (Appellant's Brief at 13). We find nothing in the statute of limitations, prior case law, or the No–fault Act to support appellant's position, nor do we believe that application of this exceptional treatment is warranted in the instant situation.

■ The presence of an injury in this case become reasonably ascertainable on the date of the accident, although the nature and extent of the injury, as well as the amount of medical treatment that would be needed, was not certain at that time. We are not here concerned with a latent or hidden injury as we are in the situations for which the discovery rule was created. Because the injury manifested itself on the day of the accident, appellant had a right to maintain a cause of action from that date, although her

relief would be restricted by statute until she met the threshold limits of the No–fault Act. To hold otherwise would be a misinterpretation of the Act. The Act does not require the attainment of the threshold limits as a prerequisite for *filing* a tort cause of action, rather it restricts the damages that may be recovered, *i. e.*, it restricts the scope of the defendant's *liability*.

Furthermore, we discern strong public policy reasons supporting our holding. Considering today's overly–congested trial court dockets, there is a compelling institutional need to set an ascertainable end to the filing of tort actions arising from automobile accidents which already occupy a considerable portion of the court dockets. Presumably, one of the General Assembly's reasons for eliminating the prerequisite of demonstrating fault before recovery is merited was to reduce such litigation. This institutional need is clearly met by a rule that cleanly terminates the filing of negligence actions after a period of two years has elapsed from the date of the injury–causing accident.

We note that our decision today is in accord with decisions of other jurisdictions. Of our sister states that have adopted "no–fault" automobile insurance legislation, three have had occasion to address the issue presented herein. In all three states, it was held that the statute of limitations begins to run on the date the injury–causing event occurs, *i. e.*, on the date of the accident. *See Carter v. Cross*, 373 So.2d 81 (Fla.Dist.Ct.App.1979); *Key v. Clegg*, 4 Kan.App.2d 267, 604 P.2d 1212 (1980); *Dinesen v. Towle*, 3 Kan.App.2d 505, 597 P.2d 264 (1979); *Cappadona v. Eckelmann*, 159 N.J.Super. 352, 388 A.2d 239 (App.Div.1978). The following excerpt from *Cappadona v. Eckelmann, supra* at 356, 388 A.2d at 241–2 is indicative of the reasoning supporting the decisions of those states:

"We do not discern in N.J.S.A. 39:6A–8 any suggestion that the Legislature intended the tort exemption therein provided to affect the normal rules for determining when

a tort claim accrues. Indeed, the exemption is described as an exemption from liability, not from suit. No legal impediment precludes the filing of a complaint in tort on the day following the injury–producing accident. True, a defendant so sued for damages resulting from the kind of injury to which the monetary threshold applies may obtain a dismissal if the threshold is not met by the time of trial. But a complaint filed before $200 in treatment of soft tissues is expended, is nonetheless a valid complaint, subject, however, to dismissal before or at trial for failure to comply with threshold requirements. Because an injury sustained as a result of a negligently caused accident is immediately actionable, it accrues on the date of the accident and, pursuant to N.J.S.A. 2A:14–2, will normally be barred if the complaint is filed later than two years from that date." (citation omitted).

▆▆▆ In light of our previous analysis, we endorse the reasoning of our sister states in holding that the applicable statute of limitations for tort actions arising out of the negligent operation of motor vehicles commences on the date of the accident and not on the date the threshold limits are reached. Because the law will not permit appellant to maintain the cause of action, we conclude that the trial court was correct in sustaining appellee's preliminary objections and dismissing appellant's complaint.[4]

Accordingly, the order of the court of common pleas is affirmed.

4. Appellant raises, for the first time, the additional issue that preliminary objections were not the proper vehicle by which appellee should have raised the statute of limitations. Although appellant is correct in her contention and appellee should have raised the bar of the statute of limitations in new matter, see Pa.R.C.P. 1030; *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), we, nevertheless, reach the merits at this time for two reasons. First, the statute of limitations issue was briefed by the parties and considered by the trial court. Second, once the statute of limitations is raised in new matter, appellee's right to a judgment on the pleadings, based on the statute of limitations will be clear, see *Cooper v. Downingtown School District*, 238 Pa.Super. 404, 357 A.2d 619 (1976), and therefore a remand would not be in the best interests of judicial economy.