194

448 A.2d 593

**Joseph MITCHELL, Appellant,**

**v.**

**Keith BAILEY.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed July 23, 1982.

Mark A. Hruska, Pittsburgh, for appellant.

William C. Porter, Washington, for appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

CAVANAUGH, Judge:

This is an appeal from the denial of a motion to strike a discontinuance for failure to commence the action within two years of the accident under the Pennsylvania No-Fault

Motor Vehicle Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq; 40 P.S. § 1009.106(c)(1).[1] Appellant contends that the No-Fault Act's statute of limitation should have remained tolled until such time as an injured plaintiff has met the monetary threshold and, thus the lower court's denial of appellant's motion to strike the discontinuance was improper. We agree and reverse the order of the court below.

On April 23, 1977, the parties were involved in an automobile accident. On April 28, 1978, appellants filed a complaint in trespass alleging, *inter alia*, that appellant had suffered damages in excess of the monetary thresholds for work loss benefits [2] and tort liability.[3] On October 3, 1978, appellant voluntarily discontinued his cause of action for failure to have met the monetary threshold of seven hundred and fifty ($750) dollars, 40 P.S. § 1009.301(a)(5), (b). On April 29, 1979, appellant filed a motion to strike off the discontinuance because he had met the minimum threshold required to maintain his cause of action. The lower court relying on *Doward v. Atlantic Insurance Co.*, 37 Lehigh Co.L.J. (1977) denied his motion to strike the discontinuance and this appeal followed.

In light of this court's recent decision in *Bond v. Gallen*, 292 Pa.Super. 207, 437 A.2d 7 (1981) reconsidering *Donnelly v. DeBourke*, 280 Pa.Super. 486, 421 A.2d 826 (1980) and *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975), which

1. 40 P.S. § 1009.106(c) provides:
   **Time limitations on actions to recover benefits.—**
   (1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

2. 40 P.S. § 1009.202.

3. 40 P.S. § 1009.301.

held that the two year limitation period does not commence until a claimant knows or in the exercise of reasonable diligence should have known that the thresholds of 40 P.S. § 1009.301(a) have been met, the lower court's refusal to strike off the discontinuance was in error. Since appellant's claims met the minimum threshold and appellant moved to strike the discontinuance within two years of having met the monetary thresholds, the action was properly cognizable.

Accordingly the order of the court is reversed and the case is remanded for trial.

Reversed.

