## Cusmano v. Lewis

C.P. of Westmoreland County, no. 3208 of 2001.

*Damon J. Faldowski* and *Neil J. Marcus,* for plaintiffs.
*Kenneth B. Burkley,* for defendant Robert John Lewis.
*Timothy C. Andrews,* for defendant Lori A. Lewis.
*Paul R. Robinson,* for defendant United Mobile.

LOUGHRAN, *P.J.,* January 31, 2002—The plaintiffs allege that on February 25, 2001, and for a period of approximately 10 years prior to that date, the plaintiffs resided at the Port Royal Village Mobile Home Park owned and operated by United Mobile Homes Inc. The

plaintiffs also allege that the defendants, Robert John Lewis and Lori A. Lewis, resided at the Port Royal Village Mobile Home Park on February 25, 2001, when the plaintiffs' minor son, Philip C. Cusmano, was inside the Lewis' mobile home and was shot and killed by Kevin Lewis, the minor child of Robert John Lewis.

As alleged in the complaint, Philip C. Cusmano, who had just turned 14, was at defendant Lewis' residence with another child, Kevin Lewis, when that child, whose father is the defendant, Robert John Lewis, suddenly and without warning shot Philip C. Cusmano with a revolver. Philip C. Cusmano ran from the home after being shot and came to the home of Chris Kaylor, another child in the motor home park, where Philip C. Cusmano died in his father's arms with plaintiff Carol Cusmano standing over her husband and watching as her son took his last breath.

A civil action was brought against Robert John Lewis, Lori A. Lewis, formerly known as Lori A. Wareham, and United Mobile Homes Inc., t/d/b/a Port Royal Village, as a result of these tragic events.

The defendant, United Mobile Homes Inc., has brought preliminary objections and has set forth three bases for the same. The first is a general demurrer to the claim of liability, United Mobile Homes contending that it owed no legal duty to prevent this shooting, particularly as it occurred inside the Lewis home. Secondly, it demurs to a claim for loss of consortium of the child, and thirdly, it demurs to the claim for negligent infliction of emotional distress, as the plaintiff/parents have not alleged that they

witnessed the actual gunshot, but rather only the death of their child.

In ruling on a preliminary objection in the nature of a demurrer, the court must accept as true all well pleaded allegations in the complaint and all inferences reasonably deducted therefrom. Further, all doubts should be resolved against dismissal of the complaint. *Stone & Edwards Insurance Agency v. Department of Insurance,* 151 Pa. Commw. 266, 616 A.2d 1060 (1992). The court shall sustain preliminary objections and dismiss the complaint *only* in cases that are clear and free from doubt that the law will not permit recovery. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,* 138 Pa. Commw. 475, 588 A.2d 584 (1991).

*Only where it appears with certainty that, upon the facts averred, the law will not permit recovery can the complaint be dismissed and summary judgment entered for the defendant. Bickell v. Stein,* 291 Pa. Super. 145, 149, 435 A.2d 610, 612 (1981), citing *Donnelly v. DeBourke,* 280 Pa. Super. 486, 489-90, 421 A.2d 826, 828 (1980).

Since the sustaining of a demurrrer results in a denial of a pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law, then there is sufficient doubt to require the preliminary objection in the nature of demurrer to be rejected. *Baker v. Cambridge Chase Inc.,* 725 A.2d 757 (Pa. Super. 1999).

With regard to the claim by the plaintiffs against United Mobile Homes, the plaintiffs have alleged that United Mobile Homes, as the owner of the mobile home park, had a duty outside of any obligations it undertook as a result of the lease agreement, to maintain the premises and to make it safe for persons thereon, particularly business invitees.

A possessor of land who holds it open for his business purposes is subject to liability to individuals while they are upon the land for such purpose, for physical harm caused by the accidental, negligent or intentionally harmful acts of third persons, where the possessor fails to exercise reasonable care to discover that such acts are being done or are likely to be done, or give a warning adequate to enable the individual to avoid the harm or otherwise protect them against it. *Congini by Congini v. Porterville Valve Company*, 504 Pa. 71, 470 A.2d 515 (1983), and Restatement (Second) of Torts §341.

Furthermore, arising from the duty of a possessor of land to use reasonable care to discover and prevent the tortious acts of third persons, there is a series of cases holding that the possessor is liable for damages arising from criminal acts committed on the land by third persons. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977); *Brooks v. Marriott Corporation*, 361 Pa. Super. 350, 522 A.2d 618 (1987); *Reider v. Martin*, 359 Pa. Super. 586, 519 A.2d 507 (1987); and *Prather v. H-K Corporation*, 282 Pa. Super. 556, 423 A.2d 385 (1980). As such, where it is seen that an owner holds his land open for a business purpose, he is generally seen to have a duty to protect tenants from the foreseeable criminal acts of third

persons. See *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984), and *Kerns v. Methodist Hospital,* 393 Pa. Super. 533, 574 A.2d 1068 (1990).

Likewise, the court has also held that where a landlord, by agreement or voluntarily, offers a program to protect the leased premises by providing a program of security, he must perform the task in a reasonable manner and the tenant may rely upon being secure as a result of that program.

Here, the defendant, United Mobile Homes, owns the mobile home park and leases pieces of ground for mobile home units. To that extent, the mobile home park was essentially a landlord with regard to the mobile home community and, as such, had an obligation to protect its tenants against not only foreseeable negligent, but also intentional, acts of third persons. The plaintiffs assert that the mobile home park had received specific knowledge of the violent propensities of the minor, Kevin Lewis; yet, despite this knowledge, it did not take steps to remove this danger from its community by any means whatsoever. Neither did they attempt to warn or protect the tenants. The mobile home park chose to merely ignore the problem.

In the opinion of this court, defendant's demurrer that no cause of action exists against United Mobile Homes Inc. must be denied. The plaintiffs' have alleged knowledge of the dangerous propensities of the minor, Kevin Lewis, by the defendant and defendant's failure to act. These matters alone create questions of fact, which compels denial of defendant's preliminary objections.

The second preliminary objection of United Mobile Homes, is that Count VII is merely a claim for loss of consortium and should be dismissed. Even the plaintiffs concede that this court and the Supreme Court of Pennsylvania have held that a consortium claim is not available for the death of a child.

The plaintiffs contend that Count VII is for loss of services of that child and cites cases, which allow damages for such. However, these damages are an element in a wrongful death action and do not take on a separate cause in and unto themselves as plaintiffs contend. The plaintiffs have brought a wrongful death claim and those damages are a part of that claim. Therefore, that objection will be granted and Count VII will be dismissed.

The third basis for preliminary objections brought by the defendant, United Mobile Homes Inc., is a claim for negligent infliction of emotional distress, which has been brought by the plaintiffs. The basis for the claim is that the plaintiffs, although they did not witness the discharge of the gun, experienced the immediate aftermath, to include the death of their son shortly thereafter in his father's arms.

The defendant claims that emotional distress cannot lie, as the plaintiffs did not witness the shooting. The plaintiffs argue that is not necessary, under Pennsylvania law, as they did witness the immediate aftereffects, to include the death of their child in his father's arms with his mother standing over her husband's shoulder. Specifically, the issue of what kind of sensory and contemporaneous observation is necessary was discussed in the case of *Neff v. Laso,* 382 Pa. Super. 487, 555 A.2d

1304 (1989). The *Neff* court recognized that the elements necessary for the establishment of a cause of action for negligent infliction of emotional distress in accordance with *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), are that the plaintiff must: (1) Be near the scene of the accident; (2) His shock or distress must result from a direct emotional impact caused by the sensory or contemporaneous observance of the accident, as opposed to learning of the accident from others after its occurrence; and (3) He must be closely related to the injured victim.

In the *Neff* case, the Superior Court made clear that, in certain circumstances, the sensory and contemporaneous observance requirement of the second element can be satisfied by a plaintiff who did not actually witness the accident, but, rather, witnessed its immediate after-effects.

The court focused its discussion upon whether the emotional shock was immediate and direct rather than distinct and indirect and not upon the senses perceiving the accident. The court went on to hold that actual visual observations were not necessary to satisfy the sensory and contemporaneous observation requirement. The important and crucial element is the immediate and direct awareness of what had occurred.

In the instant case, the fatally wounded minor decedent ran immediately from the scene to his parents and died in his father's arms. The parents did not learn of the accident and its immediate effects from some third party. They experienced the shock, distress and traumatic impact immediately and from direct emotional impact caused by sensory and contemporaneous observance as

much as if they would have witnessed the shooting itself. In the opinion of this court, the elements of the *Sinn* case as discussed in *Neff* have been established for the purpose of preliminary objections and defendant's preliminary objections will be denied.

## ORDER

And now, January 31, 2002, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant's preliminary objections as to Count VII is granted and Count VII of plaintiff's complaint is dismissed. All other preliminary objections of the defendant, United Mobile Homes Inc., are hereby denied.