456 A.2d 1029

Kirk HALL

v.

The GOODMAN COMPANY and Sears, Roebuck and Co. and Alfred Mestichelli.

Appeal of the GOODMAN COMPANY.

Kirk HALL

v.

Alfred MESTICHELLI and Granite Run Mall, Inc., and Sears, Roebuck and Co.

Appeal of GRANITE RUN MALL, INC.

Superior Court of Pennsylvania.

Argued May 4, 1982.

Filed Feb. 18, 1983.

Kathleen M. Turezyn, Media, for appellants.

Arnold Justin Bennett, St. Davids, for appellees.

Before SPAETH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

These are consolidated appeals from two separate orders of the Court of Common Pleas of Delaware County entered on January 23, 1981, in the above-captioned cases sustaining preliminary objections filed by Sears, Roebuck and Company (Sears) and dismissing Sears as an additional defendant in each of the actions. Both The Goodman Company (Goodman) and Granite Run Mall, Inc. (Granite) have filed appeals in their respective cases with this Court in response to those orders. The appeals filed by Goodman and Granite were consolidated for oral argument and are now before us for review. For the reasons found below, we affirm the trial court's order in the appeal brought by Goodman (appeal No. 440), and reverse the trial court's order in the appeal brought by Granite (appeal No. 441).

## History of the Case

Kirk Hall, an employee of appellee Sears, slipped and fell on an icy parking lot at the Granite Run Mall (the Mall) in Delaware County on January 24, 1978. Sears was a tenant of the Mall and rented space for its store under the terms of a written lease entered into on February 11, 1972, with appellant Granite, a corporation and alleged nominal title holder of the shopping complex. Appellant Goodman, a sole proprietorship owned by Murray Goodman, purportedly operated the Mall on Granite's behalf. The precise relationship between Granite and Murray Goodman was never specifically stated in the pleadings, although Murray Goodman is consistently referred to as the "beneficial owner" of the Mall property said to be held in Granite's name.

On December 6, 1979, Kirk Hall filed the first of two complaints in trespass to recover damages for the injuries he allegedly sustained as a result of his January, 1978 fall. In his December 6, 1979 complaint, Hall averred that Goodman owned, maintained and had control over the parking lot adjacent to the Mall complex where he claimed he fell and was injured. In response to Hall's complaint, Goodman filed an answer in which it denied ownership, control or maintenance over the parking lot, and in turn averred that ownership of the property in question was held by Granite, with maintenance or control over the same being the responsibility of Granite or Hall's employer, Sears. After having filed its answer to Hall's complaint, Goodman then proceeded to file complaints to join as additional defendants Sears and Alfred Mestichelli, a snow removal contractor. Attached to Goodman's complaint against Sears as exhibits were Hall's complaint against Goodman and Goodman's answer to Hall's complaint.

In its complaint against Sears, Goodman alleged that Sears was obligated, under Paragraphs 25.2, 25.3 and 25.4 of its lease for space in the Mall with Granite, "to remove all snow and ice on" the premises where Hall fell. Goodman also alleged that Sears had agreed in that lease in Paragraphs 31.1, 31.2 and 31.3 to indemnify Granite against Hall's claims. Attached to Goodman's complaint was ostensibly that portion of the lease between Sears and Granite where those paragraphs appeared. In its prayer for relief found at the end of the complaint to join, Goodman made the following demand: "WHEREFORE, the *Goodman Company, Inc.* demands judgment against Sears Roebuck and Company for any sums which the *Defendant, Granite Run Mall, Inc.* may be forced to pay the Plaintiff." (emphasis added). Goodman worded its demand in this fashion even though Granite was not a defendant in the action begun on December 6, 1979, and even though Goodman was not a corporation and Goodman and Granite, by Goodman's

own averment in its answer to Hall's complaint, were not the same entity.[1]

In response to Goodman's complaint, Sears filed preliminary objections [2] in the nature of a demurrer pursuant to Pa.R.C.P. No. 1017(b)(4) alleging that it could not be joined in the December 6, 1979 action under a theory of indemnity since there was no written agreement between it and Goodman. Attached to a memorandum of law filed by Sears in support of its preliminary objections were those portions of the lease agreement between it and Granite which had not been attached to Goodman's complaint and which delineated the parties to the lease as comprising only Sears and Granite. Sears asserted in its preliminary objections that § 303 of the Pennsylvania Workmen's Compensation Act [3] prohibited joinder of an employer for indemnity in an action by an employee against a third party unless a written agreement expressly providing for such indemnity existed between the employer and the third party. Because no such agreement had been signed by Goodman and Sears, Sears maintained that it could not be joined as a matter of law in Hall's suit for damages against Goodman. Goodman subsequently filed an answer to Sears' preliminary objections averring that the mere fact that the lease contained

1. Because Goodman attached the complaint against it by Hall, as well as the answer it filed in response to Hall's complaint, as exhibits to its complaint to join Sears, those pleadings, and the facts contained therein, are included in our review.

2. In the opening paragraph of its preliminary objections, Sears stated that the preliminary objections were being filed in response to "the complaint brought against it by Granite Run Mall." In the heading above that opening paragraph, however, Sears indicated that the preliminary objections were being filed in response to "DEFENDANT GOODMAN'S COMPLAINT." Because the caption on the pleading and the other references found therein verify that the preliminary objections were indeed being filed in response to Goodman's complaint and not a complaint by Granite, we disregard the reference to Granite found in the opening paragraph.

3. Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 481. Section 303 provides that an employer may be liable to a third party for damages, contributions, or indemnity if "liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

only Granite and Sears' names was an inconsequential "technicality," and that Goodman was a known and intended third party beneficiary of that lease. The trial court sustained Sears' preliminary objections and dismissed Sears as an additional defendant evidently agreeing with Sears' reasoning rather than that of Goodman [4].

On January 14, 1980, Kirk Hall began the second of his two actions in trespass to recover damages for the injuries he allegedly sustained as a result of his January 1978 fall, naming as defendants Alfred Mestichelli, the snow removal contractor, and Granite. In this second action Hall alleged, as he had done in the complaint against Goodman, that Granite owned, maintained and had control over the parking lot where he purportedly fell. Granite, like Goodman, subsequently filed a complaint to join Sears as an additional defendant, along with an answer to Hall's complaint and a cross-claim against Mestichelli. In attempting to join Sears and hold it jointly or severably liable for Hall's damages, Granite relied on the provisions found in the written lease between the parties, attaching as exhibits to the complaint against Sears Hall's complaint against it, the answer filed by it in response to Hall's complaint, and a portion of the lease agreement between it and Sears. It was Granite's assertion that under the terms of the lease Sears had the specific responsibility of caring for the parking lot with respect to accumulations of snow and ice, as well as a clear obligation to indemnify or hold Granite harmless for any damages assessed against it for Sears' failure to perform said duties.

In response to the allegations found in Granite's complaint, Sears filed preliminary objections which were entitled: "PRELIMINARY OBJECTIONS PURSUANT TO PA. R.C.P. 1017(b)(5)." Under that general heading, Sears divided its preliminary objections into three sets of numbered paragraphs. The first set of numbered paragraphs carried

4. The trial court did not discuss Goodman's claim of a right to indemnity in its opinion submitted to this court pursuant to Pa.R.A.P. 1925.

no subtitle and immediately followed the general heading noted above. The second set of numbered paragraphs carried the subtitle "FIRST MISJOINDER OF CAUSE OF ACTION" and alleged misjoinder of a trespass and assumpsit action. The third set of numbered paragraphs carried the subtitle "SECOND MISJOINDER OF ACTION," and raised the defense of Sears' immunity from suit as Hall's employer under the Workmen's Compensation Act. In the untitled first set of numbered paragraphs, Sears, while acknowledging the lease between it and Granite, alleged that under the language of Paragraph 31.2 the indemnity provision of the lease was not binding if "the occurrence pursuant to which a claim was made was (i) actually due to or actually contributed to by the negligent or intentional act or negligent omissions of the other party [Granite], its agents, employees or independent contractors...." It was Sears contention that the work that was done by the snow removal contractor, Mestichelli, caused or contributed to the accident that was the basis for the claim being made by Hall, that Mestichelli was the employee, agent or servant of Granite, and that Granite, because of its relationship with Mestichelli, had no right of indemnity against Sears under Paragraph 31.2 of the lease. In support of that assertion, Sears attached to its preliminary objections an invoice from Mestichelli to Granite, an invoice from Granite to Sears, and a letter from Sears to Granite which discussed the billing procedure for the snow removal.

In reply to Sears' preliminary objections, Granite filed an answer to the objections, and, under a section entitled "New Matter," made a motion to strike the objections pursuant to Pa.R.C.P. No. 1017(b), (c). In its answer, Granite denied that there was a misjoinder of trespass and assumpsit actions, and further denied Sears' contention that it was statutorily immune from suit. While Granite admitted in its answer that the invoices attached to Sears' preliminary objections were valid, it disputed Sears' interpretation of the meaning to be drawn from them, as well as Sears' interpretation of the indemnity provisions of the lease

agreement. In its motion to strike, Granite characterized the unlabeled section of Sears' preliminary objections as a demurrer and objected to it on the ground that it was a "speaking demurrer" which attempted, by virtue of the exhibits attached by Sears, to supply a fact missing in the complaint.

The trial court was not persuaded by Granite's arguments and entered an order sustaining Sears' preliminary objections. With respect to the indemnity issue, the trial court specifically held that Mestichelli was "the employee, agent or servant of Granite" and that Granite had no right to indemnity from Sears under the lease. Because Granite had no right to indemnity from Sears under the lease, the trial court held that, under the provisions of the Workmen's Compensation Act, Sears, as Hall's employer, could not be joined as an additional defendant. Likewise, the trial court held that any attempt by Granite to join Sears for the purpose of apportioning fault would also be barred by the Workmen's Compensation Act. The trial court upheld Sears' claim of statutory immunity and found that it was not liable in any fashion to the plaintiff.

On appeal to this Court appellants are represented by the same legal counsel. In their joint brief they raise two issues. Those issues are: 1) Whether an employer of a plaintiff who brings a personal injury suit against a defendant for negligence, may be joined as an additional defendant solely for the purpose of determining the percentage of negligence of the employer, if any, pursuant to the Pennsylvania Comparative Negligence Act[5]?; and 2) Whether the trial court erred in ruling that Sears may not be joined as an additional defendant on appellants' claim for indemnity[6]?

5. Act of April 28, 1978, P.L. 202, No. 53, § 10(89), as amended, 42 Pa.C.S.A. § 7102. The first issue was raised only by Granite in the trial court.

6. Granite has waived on appeal any alleged error by the trial court with respect to Sears' claim that Granite had improperly joined causes of action in trespass and assumpsit. No mention of this issue is contained in the statement of issues raised on appeal, nor was it

I

■ The first issue raised by appellants was recently resolved by this court. In *Kelly v. The Carborundum Company*, 307 Pa.Super. 361, 453 A.2d 624 (1982), we held that the joinder of an employer in a case such as this, for the purpose of determining the employer's percentage of negligence, is prohibited by § 303 of the Workmen's Compensation Act. We pointed out that the Comparative Negligence Act did not impliedly overrule prior appellate decisions on the subject. This Court's decision in *Heckendorn v. Consolidated Rail Corporation*, 293 Pa.Super. 474, 439 A.2d 674 (1982), was approved. "If an employer accepts the responsibility of providing worker's compensation benefits, he cannot be solely or jointly liable to an employee for negligence. Similarly, he is not liable to a third party tortfeasor ... He is not a party whose negligence is to be included in the apportionment required by the Comparative Negligence Act". *Heckendorn v. Consolidated Rail Corporation, supra,* 293 Pa.Superior at 481–482, 439 A.2d at 678. Therefore, the trial court correctly sustained Sears' preliminary objection to its joinder on this ground.[7]

II

The second issue raised on appeal is whether the trial court erred in upholding Sears' argument that, under the terms of the lease between it and Granite, it could not be joined as an express indemnitor in either one of the two suits by Hall. In considering this issue, we will review the

argued or briefed before this Court. However, it is clear that that objection has no merit and, insofar as the trial court's order sustained this objection, it erred.

7. The prohibition found in the Workmen's Compensation Act of the joinder of an employer in a suit by an employee against a third party is, in reality, an immunity defense. Consequently, we are in doubt as to the procedural propriety of raising such an immunity claim by way of preliminary objection rather than in an answer and new matter. *See* Pa.R.C.P. No. 1030. Our Court in the past, however, has considered the merits of these claims when raised by way of preliminary objection, and therefore, we will do likewise. *See Heckendorn v. Consolidated Rail Corporation, supra.*

action of the trial court with respect to Goodman and Granite separately.

## A

In the case involving Goodman, Sears raised its contention that it could not be joined as an express indemnitor by way of a preliminary objection in the nature of a demurrer. Sears alleged in its demurrer that it could not be joined as a matter of law since there was no written indemnity agreement between it and Goodman.

Initially we note the applicable standard of review is expressed in *Donnelly v. DeBourke*, 280 Pa.Super.Ct. 486, 489, 421 A.2d 826, 828 (1980) (citations omitted):

[W]hen considering preliminary objections in the nature of a demurrer, we accept as true all well-pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom ... [P]reliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt, i.e., it must appear with certainty, that, upon the facts averred, the law will not permit recovery by the plaintiff.

*See also Bickell v. Stein*, 291 Pa.Super.Ct. 145, 149, 435 A.2d 610, 612 (1981).

A demurrer is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. *Del Boring Tire Service, Inc. v. Barr Mach., Inc.*, 285 Pa.Super.Ct. 66, 426 A.2d 1143 (1981). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. *Barto v. Felix*, 250, Pa.Super.Ct. 262, 378 A.2d 927 (1977). In ruling on a demurrer, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint. *Linda Coal and Supply Co. v. Tasa Coal Company*, 416 Pa. 97, 204 A.2d 451 (1964). Any doubt as to whether a demurrer should be sustained should be resolved against the moving party. *Commonwealth, Dept. of Environ-*

*mental Resources v. Peggs Run Coal Co.,* 55 Pa. Commw.Ct. 342, 423 A.2d 765 (1980).

*DeSantis v. Swigart,* 296 Pa.Super. 283, 286, 442 A.2d 770, 771–772 (1982).

In its complaint to join Sears, Goodman relied solely on the lease between Sears and Granite and the indemnity clause found therein. Although Goodman admitted that the contract was between Sears and Granite, Goodman contended that, as the "beneficial owner" of the mall, it was a third party beneficiary of the contract and therefore had a right to enforce the indemnity clause against Sears. This argument is without merit.

■ Under § 303 of the Workmen's Compensation Act it is clear that an employer may not be liable to a third party for indemnity unless such liability is *expressly* provided for in a written contract. It is undisputed that no writing exists which *expressly* provides for Sears' indemnity of Goodman.

■ Furthermore, even in the absence of such clear statutory language, Goodman could not be considered a third party beneficiary of the lease. To be a third party beneficiary entitled to recover on a contract, such an intention of both parties to the contract must be indicated in the contract. The obligation to the third party must affirmatively appear in the contract itself. *Bornstein & Son, Inc. v. R.H. Macy & Co.,* 278 Pa.Super. 156, 420 A.2d 477 (1980). In this case, no mention of Goodman is made anywhere in the lease agreement[8]. Therefore, the order dismissing Sears as a party in the action against Goodman is affirmed.

### B

In the case involving Granite, Sears raised its contention that it could not be joined as an express indemnitor by way of preliminary objections in an untitled set of numbered paragraphs found under the general heading "PRELIMI-

---

8. We note that the appellants have included a complete copy of the lease between Sears and Granite in their joint reproduced record.

NARY OBJECTIONS PURSUANT TO PA.R.C.P. 1017(b)(5)." In spite of the general title and its indication that the preliminary objections were being filed pursuant to Pa.R.C.P. No. 1017(b)(5), Granite interpreted this section as a demurrer. In its memorandum of law filed with the trial court, Sears used language which indicated that it considered itself as having demurred to Granite's complaint. Although the trial court did not expressly say so in its opinion, it also apparently treated Sears untitled set of numbered paragraphs as a demurrer.

Assuming that its objection was a demurrer, under our scope of review noted above it was improper for Sears to attach to its preliminary objections the invoice from Mestichelli to Granite, the invoice from Granite to Sears, and the letter from Sears to Granite, to support its allegation that Mestichelli was an agent, employee or independent contractor of Granite. It is well-settled that a demurrer cannot be a "speaking demurrer" and cannot be used to supply a fact missing in the complaint. *Linda Coal & Supply Co. v. Tasa Coal Co.*, 416 Pa. 97, 204 A.2d 451 (1964); Goodrich-Amram 2d § 1017(b):11. Therefore, we will not consider these exhibits attached by Sears [9].

If we do not consider the above-mentioned exhibits [10], the demurrer should have been overruled. By

9. In the case involving Goodman, Sears attached to its memorandum of law filed with the trial court in conjunction with its demurrer that portion of the lease between it and Granite which Goodman had neglected to attach to its complaint. Because it was clear from the face of Goodman's complaint that no written contractual right of indemnity existed between it and Sears, we did not reach the issue of whether Sears' submission of that portion of the lease was proper. However, if we had been confronted with that issue, we would have held that Sears' annexation of that portion of the contract omitted in Goodman's complaint was proper and valid. "[W]hen the plaintiff bases his cause of action on a written agreement, the defendant may attach the agreement to the preliminary objections, and it may be referred to for purposes of deciding a demurrer." *Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa.Super. 287, 292, 361 A.2d 375, 377 (1976).

10. Even if we did consider these exhibits, the relationship between Granite and Mestichelli is still not clear. For example, the entire

alleging the existence of a written lease between it and Sears which contained an indemnity clause, Granite placed itself within the exception of § 303 of the Workmen's Compensation Act. It is well-settled that an employer may be joined as an additional defendant in a trespass action by an employee against a third party when the employer's liability is based on an express agreement to indemnify the third party. *Nechwedowich v. Great Atlantic & Pacific Tea Co., Inc.*, 300 Pa.Super. 152, 446 A.2d 275 (1982); *Gallagher v. Transport Pool, Inc.*, 281 Pa.Super. 188, 421 A.2d 1212 (1980); *Szemanski v. Vulcan Materials Co.*, 272 Pa.Super. 240, 415 A.2d 92 (1979). Therefore, under the facts as alleged in Granite's complaint, Sears is not immune from suit under that Act.

The precise relationship between Mestichelli and Granite and/or Sears, as well as the proper interpretation of the indemnity clause in the lease, can only be determined after all the facts relating to those issues have been fully developed. Those issues certainly are not "free from doubt" at

body of the above-mentioned letter from Sears to Granite is as follows:

Mr. Keith Kase
Manager
Granite Run Mall
Media, Pa. 19063
Dear Keith:
Mr. Brucker and I have reviewed last year's method of charging us for snow removal and your letter stating that there would be approximately 270 additional parking spaces this year. Since the convenience center parking will not be included in our snow removal cost, we agree with you that the 17% figure is a realistic one. When you bill our store for our 17% of the charge, would you please include a copy of the total charge. Thank you again for your assistance.

Very truly yours,
s/C.J. Martini
C.J. Martini
Operating Supt.

While the letter implies that there was another agreement between Sears and Granite concerning the responsibility for snow removal, it does not disclose the terms of that agreement. Consequently, even if we were to consider Sears' exhibits, we cannot say that it is "clear" or "free from doubt" that the law would not permit recovery by Granite against Sears.

this time. Because Granite's complaint clearly states a cause of action for indemnity against Sears, we will reverse the trial court's order insofar as it sustained Sears' demurrer to Granite's claim for indemnity. The court erred in dismissing Granite's complaint against Sears insofar as that complaint alleged that Sears was liable to indemnify Granite on plaintiff's cause of action.

However, we reiterate that the question of whether Sears is actually liable under the indemnity clause in this particular case is not settled[11]. Sears may still deny liability in an answer and raise the condition contained in paragraph 31.2 of the lease as a defense under "New Matter" if it chooses to do so. This issue of whether the indemnity clause applies in this case may then be determined either after the pleadings are completed or at trial.

The order of the trial court in the appeal at No. 440 Philadelphia, 1981 is affirmed. The order of the trial court in the appeal at No. 441 Philadelphia, 1981 insofar as it sustains Sears' preliminary objection to its joinder as an additional defendant for the purpose of apportioning fault under the Comparative Negligence Act is affirmed; in all other respects the order is reversed. Cases remanded for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

**11.** Unlike the situation in *Potts v. Dow Chemical Co.,* 272 Pa.Super. 323, 415 A.2d 1220 (1979), this is not a case in which the pleadings *clearly* demonstrate that there is no duty to indemnify.