## Dressler v. Ceco Joist Corporation

*Dennis J. Bonetti,* for the additional defendant.
*David L. Schwalm, Thomas J. Williams* and *Harvey Friedenberg,* for defendant.

DOWLING, *J.,* June 22, 1984 — On July 14, 1980, Gary L. Dressler, an employee of additional defendant Steel Erectors Inc. (Steel Erectors), was

injured in the scope of his employment. Workers' compensation benefits were paid to Dressler pursuant to a contract of insurance by Steel Erectors for its employees, and Dressler was barred from suing his employer by the Workmen's Compensation Act, as amended December 5, 1974, P.L. 782, 77 P.S. §481 (the act).

The act does, however, allow suits by the injured employee against third parties, 77 P.S. §481(b). On July 14, 1982, Dressler and his wife brought such a suit against The Ceco Joist Corporation (Ceco), GSGS&B Inc., Stewart-Amos Steel Inc. (Stewart-Amos), and The Whiting-Turner Contracting Company Inc. (Whiting).

Stewart-Amos, Whiting and Ceco, respectively, then filed separate third-party claims naming Steel Erectors as an additional defendant. Also filed were various cross-claims, with which we are not presently concerned.

The matters currently before us are Steel Erectors' separate motions for judgment on the pleadings regarding the three additional defendant complaints filed against it.

Initially, we note that generally the act provides immunity for employers from claims arising from the injury of an employee within the scope of the latter's employment. Heckendorn v. Consolidated Rail Corporation, 502 Pa. 101, 465 A.2d 609 (1983). However, section 303(b) of the act, 77 P.S. §481(b), makes a limited exception where the employer may be liable to a third party when the employee has filed suit against the third party. The requirements for employer liability to the third party, as set forth in 77 P.S. §481(b), are: (1) a written contract with the third party, (2) entered into by the employers, (3) prior to the date of the occurrence of injury to the employee, (4) which contract expressly provides

for the employer's liability to the third party for damages, contributions or indemnity.

For the reasons set forth below, we find that the additional defendant complaint by Stewart-Amos against Steel Erectors fulfills these requirements and, therefore, we deny Steel Erectors' motion for judgment on the pleadings as to that complaint. We also find, however, that additional defendant complaints of Ceco and Whiting do not meet the requirements and, hence, we grant Steel Erectors' motions for judgments on the pleadings as to those two complaints.

Steel Erectors, the employer, entered into a written subcontract with Stewart-Amos on March 21, 1980, prior to the date of Dressler's injuries. The subcontract included a provision in which Steel Erectors agreed to "protect and indemnify (Stewart-Amos) against any loss or damage suffered by anyone arising through the negligence of (Steel Erectors)." Thus, the requirements of 77 P.S. §481(b) are satisfied.

In Hall v. Goodman Co., 310 Pa. Super. 465, 456 A.2d 1029 (1983), and Hall v. Granite Run Mall, 313 Pa. Super. 98, 459 A.2d 429 (1983), there was a factual situation quite similar to the instant case. Hall, an employer of Sears, Roebuck & Co., sued — in different actions — the operator (Goodman) of a mall in which Sears was a tenant and the owner of the mall (Granite). The suits stemmed from injuries suffered when Hall fell on an icy parking lot while in the scope of his employment. In the lease between Sears and Granite, Sears agreed to indemnify Granite.

The Superior Court held in the two Hall cases that Granite's additional defendant complaint against Sears was proper under 77 P.S. §481(b). As

a result, the Superior Court reversed the trial court's dismissal of Granite's joinder action.

Here Steel Erectors' attempts to escape section 481(b) and the Hall decisions by arguing that Stewart-Amos' additional defendant complaint is based on Stewart-Amos' own negligence rather than any negligence on the part of Steel Erectors, and that the indemnity provision of the subcontract covers only Steel Erectors' negligence.

We agree that Steel Erectors' indemnity applies solely to its own negligence, but we believe that Stewart-Amos' complaint sufficiently alleges negligence by Steel Erectors. It is true that plaintiff Dressler's complaint alleges negligence by Stewart-Amos; however, the thrust of Stewart-Amos' additional defendant complaint is that Steel Erectors was supposed to do what Dressler alleges Stewart-Amos failed to do. Therefore, Stewart-Amos has stated a cause of action under section 481(b).

Turning to Steel Erectors' motions on the additional defendant complaints of Whiting and Ceco, we must again look to the requirements of section 481(b). In this regard, we find that the written contract entered into by Steel Erectors on March 21, 1980, does not expressly provide for the indemnity of either Whiting or Ceco.

We believe the Hall cases, supra, are dispositive on this matter. In addition to holding, as we explained above, that the indemnity provision between Granite and Sears furnished the basis for a proper cause of action by Granite under section 481(b), the Superior Court held that the additional defendant complaint by Goodman against Sears was not proper. Goodman was not expressly provided for in the indemnity clause between Granite and Sears and, further, Goodman was not a third-party beneficiary of the indemnity provision. Hall v. Goodman

Co., 310 Pa. Super. 465, 456 A.2d 1029. We find that Whiting and Ceco each are in virtually the same position here as Goodman was in Hall v. Goodman.

Ceco argues that Hall v. Goodman was wrongly decided in that the Superior Court's holding "went far beyond the language" of section 481(b). We do not agree.

Whiting argues that, despite Hall v. Goodman, it is a third-party beneficiary of the indemnity provision between Stewart-Amos and Steel Erectors. We do not believe that Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744 (1983), upon which Whiting relies, controls the instant case. In Guy, there was a contract between an attorney and a testator to write a will. The contract made no reference to Guy, but in the will the testator did provide for Guy. The Supreme Court held that even though Guy was not expressly provided for in the contract, he was, nonetheless, a third-party beneficiary to the contract because of the bequeath to him in the will. As a result, Guy could sue the attorney.

Whiting thus argues by analogy that it is a third-party beneficiary to the contract between Stewart-Amos and Steel Erectors even though it is not expressly provided for in the contract. However, unlike in Guy, here there is no separate writing such as a will providing for Whiting. Further, in our case, there is a clear statutory language that the third party must be expressly provided for in the contract. 77 P.S. §481(b); Hall v. Goodman, supra.

Accordingly, we enter the following

## ORDER

And now, this June 22, 1984, additional defendant Steel Erectors Inc.'s motion for judgment on the pleadings against defendant Stewart-Amos Steel

Inc. is denied. Steel Erectors' motions for judgments on the pleadings against defendants Whiting-Turner Contracting Co. Inc. and Ceco Joist Corporation are granted.