## Yoon v. Faxon Construction Co.

*John R. Bonner,* for plaintiffs.

*C. Edward S. Mitchell,* for defendant Faxon Construction Co.

*Lester L. Greevy,* for defendant Loyalsock Township.

RAUP, *P.J.,* June 29, 1984 — Plaintiffs are owners of property in Loyalsock Township. That township by ordinance requires that property owners connect their homes to a sanitary sewer system, and further provides for township inspection of the installation of such a connection before it is backfilled to ensure that drains, downspouts, and other stormwater connections that are forbidden under the ordinance are not affixed to the sanitary sewer system. When it appeared that plaintiffs violated the township ordinance by discharging roof, surface, or groundwater into the township sewage system, the township gave 60 days' notice of the violation to plaintiffs as provided by the ordinance. This notice was given on May 30, 1978. Plaintiffs failed to correct this condition, and filed an action to enjoin the township from enforcing the ordinance. In addition to requesting an injunction against enforcement, plaintiffs sought money damages from the Faxon Construction Company, which built plaintiffs' home, and Loyalsock Township. By opinion and order dated December 5, 1978 this court sustained de-

fendant's preliminary objections and dismissed plaintiffs' complaint in equity, but gave leave to file an amended complaint under the same term and number setting·forth a cause of action at law.

On June 7, 1983, plaintiffs filed an amended complaint at law in both assumpsit and trespass. Defendant Loyalsock Township filed preliminary objections in the nature of a demurrer. The issues raised by the demurrer are now before this court for resolution.

Plaintiffs' count in assumpsit alleges that defendant-township impliedly warranted to plaintiffs' predecessors in title that it would inspect the sanitary sewer connection to ensure it complied with township ordinances, and that it breached this warranty by either failing to inspect the work or by permitting a condition in violation of the ordinance to go uncorrected. The alleged negligence of defendant Loyalsock Township consists of permitting defendant construction company to install a sewer line and connect it to the house in violation of the ordinance, and failing to have its agents adequately inspect the work performed by defendant construction company, which plaintiffs argue was a breach of the duty to use due care under the circumstances.

Initially defendant township asserts that plaintiffs' complaint fails to state a cause of action for which relief can be granted because the factual allegations fail to give rise to a claim in assumpsit, and even if such a contract existed, there is no privity between plaintiffs and defendant township.

In ruling on a demurrer, the court must accept as true every well pleaded material fact and all reasonable inferences arising from those facts. Before the court can sustain a demurrer it must conclude that the complaint on its face fails to state a cause of ac-

tion. All doubts are to be resolved in favor of overruling the demurrer. Gekas v. Shapp, 469 Pa. 1, 5-6, 364 A.2d 691, 693 (1976). (Citations omitted.)

The first issue presented is whether the existence of a sewer connection contract and payment of appropriate fees for the connection of a sanitary sewer system creates a contractual relationship between the township and the homeowner; if there is no underlying contract, the court must sustain defendants' demurrer to the count in assumpsit. In their complaint, plaintiffs allege that their predecessors in title entered into a sewer connection contract with the township. They did not attach this contract to the complaint however. Rather, they averred that the contract was in the possession of defendants. Assuming that such a contract does exist, the issue becomes whether the lack of privity of contract between plaintiffs and defendants bars recovery for any breach of warranty.

In accordance with our opinion in Emery v. Faxon Construction Co. (June 20, 1980) we conclude that privity of contract still exists as a defense in assumpsit actions. As we have noted, Salvador v. Atlantic Steel Boiler Co., 457 Pa. 24, 319 A.2d 903 (1974), abolished privity only to ensure that the results in a products liability case would not turn on whether plaintiff captioned his complaint as a count in assumpsit for breach of warranty or as a count in trespass for strict liability in tort. In Azzarello v. Black Bros. Co., Inc., 480 Pa. 547, 553, 391 A.2d 1020, 1024 (1978), the court stated:

"Courts have increasingly adopted the position that the risk of loss must be placed upon the supplier of the defective product without regard to fault or privity of contract." (Footnote omitted.)

Plaintiffs argue that they should be considered third-party beneficiaries of the connection contract

between defendants, thus vitiating the requirement that they be in privity with the township on the contract.

We should note that while the contract has not been made part of the pleadings, it does appear as part of defendant's brief. As both parties have referred to the contract and argued aspects of it, we will address the issue as to plaintiffs' status as third-party beneficiaries under the contract.

To be a third-party beneficiary entitled to recover on a contract, such an intention of both parties to the contract must be indicated in the contract. Hall v. Goodman, 310 Pa. Super. 465, 456 A.2d 1029 (1983). The obligation to the third party must affirmatively appear in the contract itself. Bornstein & Son, Inc. v. R. H. Macy & Co., 278 Pa. Super. 156 420 A.2d 477 (1980).

The provisions of the Sewer Connection Contract which deal with defendant's inspection of the connection are very general in nature. Nowhere in the contract is there language to the effect that the township or any of its agents have any duty owing to someone in the position of plaintiffs. Thus, we do not believe that the contract clearly indicates that the township and the contractor intended that a benefit would be conferred upon these plaintiffs, nor that the township intentionally assumed that it would be entering into an agreement whereby it would be benefitting plaintiffs or individuals like them.

We hold that because of the lack of privity between the township and plaintiffs, Count I in assumpsit must fail.

The next issue presented is whether Counts II and III are barred under the provisions providing governmental immunity as set forth in 42 Pa.C.S. §8541 et seq.

The predecessor to 42 Pa.C.S. §8541 was the Political Subdivision Tort Claim Act, 53 P.S. §5311.201 et seq. Section 803 of that act (§5311.803) provided:

"[T]his act shall take effect in 60 days (after the enactment date, November 26, 1978) and shall apply to all causes of action arising thereafter. Nothing in this act shall be construed to apply its provisions to any cause of action which arose or which would otherwise have arisen prior to such effective date had this act been in effect at such time." Thus, the issue is when plaintiffs' cause of action arose. If it arose before the effective date of the original act, the demurrer must be denied because the case would be ruled by Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973), which abolished the doctrine of governmental immunity in Pennsylvania. If the cause of action arose after the effective date of the act, then the issue of whether the township was engaged in a "governmental function" immunizing it from liability presents itself.

The effective date of the Political Subdivision Tort Claim Act was January 26, 1979. We conclude that the cause of action arose prior to this date. It is clear that the cause of action arose before plaintiffs instituted their injunction action, and therefore, prior to the present damage action. The court believes it proper to deem the date on which the township informed plaintiffs of the illegal connections to the sewer system as the date on which plaintiffs' cause of action arose because it was on this date that plaintiffs first became aware (or should have become aware) of the alleged negligence. Hence, the cause of action arose on May 30, 1978, prior to the effective date of the act. Because the court cannot conclude that the law states with certainty that no

recovery is permitted, the court cannot sustain the demurrer. See Turner v. Martz, 42 Pa. Commw. 328, 332-33, 401 A.2d 545 (1979); King v. Sullivan, 68 D.&C. 2d 318, 321 (1978).

The next issue involves defendant's assertion that plaintiffs' claim is barred by the 12-year statute of repose, 42 Pa.C.S. §5536. Section 5536 provides:

"(a) General Rule — Except as provided in subsection (b), civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

"(1) any deficiency in the design, planning, supervision or observation of any construction or construction of the improvement;

"(2) injury to property, real or personal, arising out of any such deficiency;

"(3) injury to the person or for wrongful death arising out of any such deficiency;

"(4) contribution or indemnity for damages sustained on account of any injury mentioned in paragraphs (2) or (3)."

Defendants' demurrer based upon this statute of repose will be denied for the same reasons a similar demurrer was denied in the companion Emery v. Faxon Construction Co. case, supra. The allegations of "unlawful" conduct on the part of the township creates a material issue of fact which if proven would take defendant Loyalsock Township out of the protection of the statute of limitation found in 42 Pa.C.S. §5536.

Finally, defendant Loyalsock seeks dismissal of the claim for punitive damages in Count III. A claim for punitive damages is not recognized in an action

against a governmental unit in Pennsylvania, 42 Pa.C.S. §8553. See also 84 Dickinson L.R. 267 "Punitive Damage Liability of Municipal Corporations in Pa."

## ORDER

And now, this June 29, 1984, for the reasons set forth in the foregoing opinion, it is ordered and directed that the demurrer of defendant to Count I is sustained and that count is dismissed; the demurrers to Counts II an III based on governmental immunity and on the provisions of the statute of limitations contained in 42 Pa.C.S. §5536, are denied; and the demurrer to the claim for punitive damages set forth in Count III is sustained, and that claim is dismissed.

Defendant is allowed 20 days from notice of this order in which to file an answer.