## Aberant v. The Travelers Companies

*Albert J. Flora Jr.,* for plaintiffs.
*Patrick E. Dougherty,* for defendant.

TOOLE, *J.,* February 24, 1987—The court has before it for resolution preliminary objections filed by defendant, The Travelers Companies to a complaint of plaintiffs, Brian and Amelia Aberant, as administrators of the estate of Brian Leonard Aberant.

This action was initiated on October 28, 1986, with the filing of a two-count complaint against Travelers. In response, Travelers filed the following preliminary objections:

"Demurrer to Count I

"Count I of the complaint of plaintiffs fails to set forth sufficient material facts on which to base a cause of action in trespass for negligence in that no facts are alleged in the complaint which establish a duty owed by defendant to plaintiffs' decedent, a breach of said duty, and resulting damages.

"Wherefore, defendant prays that its demurrer be sustained and count I of the complaint be dismissed.

"Demurrer to Count II

"Count II of the complaint of plaintiffs fails to set forth sufficient material facts on which to base a cause of action in trespass for negligence per se in that no facts are alleged in the complaint which establish a statutory duty owed by defendant to plaintiffs' decedent, a breach of said duty, and re- sulting damages.

"Wherefore, defendant prays that its demurrer be sustained and count II of the complaint be dismissed."

We begin by noting that in our opinion the cited objections are "boilerplate" and, as such, are inad- equate to preserve or present any issue requiring re- view or resolution by this court. While a brief filed in support of the objections sets forth the issues with more specificity or particularity, the brief is no sub- stitute for an appropriate pleading and does not sat- isfy the specificity requirement.

While no further judicial response is required after reviewing the pleadings and the briefs we have no hesitancy in declaring our conclusion that the objections should be overruled.

When considering preliminary objections in the nature of a demurrer, we accept as true all well pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom. We also note that preliminary objections should be sus-

tained and the complaint dismissed only in cases that are clear and free from doubt, i.e., it must appear with certainty that, upon the facts averred, the law will not permit recovery by plaintiff. *Donnelly v. DeBourke,* 280 Pa. Super. 486, 489, 421 A.2d 826, 828 (1980). Any doubt as to whether a demurrer should be sustained should be resolved against the moving party and in favor of the sufficiency of the complaint. *Slaybaugh v. Newman,* 330 Pa. Super. 216, 479 A.2d 517 (1984); *Hall v. Goodman Co.,* 310 Pa. Super. 465, 456 A.2d 1029 (1983). It must also be kept in mind that on such objections we are considering the sufficiency of the complaint and not necessarily the merits thereof.

Starting from the cited points of reference, the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to relief. We begin with the basic premise that to establish a cause of action a party is required to plead and prove a duty owed by defendant to plaintiff, a breach of that duty and resulting damage. Travelers contends that these requisites are not present in this complaint. We disagree.

Aberant alleges that on December 19, 1980, Brian Leonard Aberant, a third-grade student, was attempting to cross Hazle Avenue in Wilkes-Barre, Luzerne County, Pa., when he was struck by a motor vehicle owned and operated by Debra Ann Talmadge. As a result of injuries sustained in the accident, Brian Aberant died on December 22, 1980. Suit was thereafter instituted and on November 25, 1985, a jury from this county returned a verdict (Civil Action No. 1582-C of 1981) in favor of Aberant and against Talmadge in the amount of $475,000.

It is alleged that Talmadge's vehicle was insured by Travelers until June 21, 1980, when Travelers

cancelled that policy for nonpayment of the premium. However, Travelers never notified the Pennsylvania Department of Transportation that Talmadge's motor vehicle insurance had been terminated and on the date of the accident, Talmadge was not covered by any motor vehicle liability insurance as required by the Pennsylvania No-fault Motor Vehicle Insurance Act.[1]

While the complaint contains two counts, we perceive no legal distinctions in the counts. Essentially, Aberant seeks to impose liability upon Travelers contending that it had and breached a statutory duty causing recoverable damage. Travelers, on the other hand, contends that any statutory duty it had did not enure to the benefit of Aberant and nothing it did was a substantial factor in causing the accident or injury sustained in this case.

In order to recover on a cause of action for negligence, the moving party must allege and prove a duty of care on the part of the alleged tortfeasor, a breach of that duty and a showing that the injuries were proximately caused by the breach. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983). It is also well settled that a cause of action in negligence must be premised upon a breach of a legal duty, and our courts have consistently emphasized that where no duty exists, there can be no recovery. See *Boyce v. United States Steel Corp.* 446 Pa. 226, 230, 285 A.2d 459, 461 (1971).

With regard to a requisite "duty," Aberant directs our attention to section 104(d) of the No-fault Act (40 P.S. §1009.104(d)) which, in pertinent part, provides:

---

1. Act of July 19, 1974, P.L. 489, Art. I, §101 et seq., 40 P.S. §1009.101 et seq.

"(d) Obligations upon termination of security. — An owner of a motor vehicle who ceases to maintain the security required in accordance with this act shall immediately surrender the registration certificate and license plates for the vehicle to the department and may not operate or permit operation of the vehicle in this commonwealth until security has again been furnished as required in accordance with this act. . . . *An insurer who has issued a contract of insurance and knows or has reason to believe the contract is for the purpose of providing security shall immediately give notice to the department of the termination of the insurance. . . .*" (emphasis added).

The Legislature has thus clearly created a statutory duty on the part of an insurer to notify PennDOT of the cancellation of any previously issued motor vehicle insurance. In this case, Travelers acknowledges the existence of such a duty but it contends that the duty does not enure to the benefit of Aberant. According to Travelers, section 104(d) does not create, either by its express terms or by necessary implication, any right of action against an insurer by a third party for damages caused by an uninsured motorist simply because the insurer failed to advise PennDOT of the motorist's uninsured status. Again, we disagree.

The notification requirement of section 104(d) triggers PennDOT's enforcement powers to forfeit the registration and prohibit the operation of uninsured motor vehicles within the commonwealth. The Legislature has imposed this duty upon insurers in furtherance of the concerns and underlying policy of the No-fault Act. The statute was enacted to provide a better system of compensating automobile accident victims and their survi-

vors by insuring that they will have recourse to the comprehensive, expeditious and equitable no-fault insurance coverage required of all motorists. See section 102 (40 P.S. §1009.102).

We have no hesitancy in declaring that Aberant (as well as other motorists and pedestrians) falls within the class of persons sought to be protected by this act and that the notification requirement has been imposed upon insurers such as Travelers for his benefit.

Our attention has been directed by Aberant to the case of *Lyngarkos v. Commonwealth of Pennsylvania, Department of Transportation*, 57 Pa. Commw. 121, 426 A.2d 1195 (1981). In that case, the court noted that an action in tort exists against an automobile dealer for negligently issuing a temporary registration card and a license plate without first securing proof that the purchaser had the required no-fault insurance. The court held that automobile dealers, as agents of the Department of Transportation, have a statutory duty to ascertain whether the applicant for temporary registration cards and license plates has the required no-fault insurance. In that case, a third party who was injured by the uninsured purchaser was permitted to pursue a cause of action against the automobile dealer in a trespass action on a negligence theory.

We perceive no real distinction between the *Lyngarkos* case and the instant action. The injured party in that case was no different than young Brian Aberant and the statutory duty not really any different between that placed by the act upon the dealer and, as here, placed upon the insurer. In each case, the purpose of the legislation was to assure adequate insurance coverage to compensate victims of

vehicular accidents. If a failure of an automobile dealer to make appropriate inquiry provides a legal premise for a cause of action, we see no reason why the failure of an insurer to perform its statutory duty should not also provide a basis for suit. While differences can be drawn and cited, we find them without legal distinction. We find *Lyngarkos* dispositive and on that authority declare that a duty did exist, that the duty enured to the benefit of Aberant, and that Travelers clearly breached that duty.

We are also satisfied that sufficient resulting damage has been alleged to overcome a demurrer. We are not stating, nor do we mean to infer, that the damages claimed by Aberant in the complaint are proper and recoverable. All we are now saying and deciding is that the complaint sufficiently alleges resulting damage. The nature and extent of the damages and whether recoverable can be resolved at a later procedural stage or at trial on the merits.

As was originally noted, demurrers can be sustained only when it appears with certainty that upon the facts averred the law will not permit recovery by plaintiff. We certainly cannot say with any certainty at this stage of the proceedings that the law will not permit recovery and since all doubts should be resolved against the moving party and in favor of the sufficiency of the complaint, we now enter the following

## ORDER

It is ordered, directed and decreed that the preliminary objections filed in the above matter are overruled and defendant shall have the right to plead over within 20 days after notice of this order.