J-A06022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| POPPLE CONSTRUCTION, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REILLY ASSOCIATES, INC. | : | |
| | : | |
| Appellant | : | No. 775 MDA 2017 |

Appeal from the Order Entered January 24, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201204138

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 10, 2019**

Appellant Reilly Associates, Inc., appeals from the order granting in part

and denying in part its preliminary objections in the nature of a *demurrer* to

the complaint filed by Appellee Popple Construction, Inc.  Appellant essentially

contends that a contract between Appellee and the City of Pittston bars

Appellee's lawsuit.  For the reasons that follow, we affirm.

We briefly state the following as background.[1]  According to Appellee's

complaint, Pittston hired Appellant to design, prepare bidding documents for,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "[W]e rely on the facts as alleged in the complaint, including its exhibits."
***Khawaja v. RE/MAX Central***, 151 A.3d 626, 627 n.1 (Pa. Super. 2016)
(citation omitted).

and construct improvements to a sewer system. R.R. at 9a.[2] Appellee reviewed Appellant's bidding documents for the sewer improvement project and submitted its bid. *Id.* at 9a-10a. Appellee won the bid and executed a contract with Pittston. *Id.* at 12a.

Appellee sued Appellant and raised a single claim of negligent misrepresentation.[3] *Id.* at 20a-22a. Appellee claimed Appellant prepared flawed bidding documents, and as a result, Appellee suffered financial losses. *Id.* at 13a-19a. In relevant part, Appellee initially identified several obligations and duties owed by Appellant. *Id.* at 20a. The complaint averred that Appellant prepared flawed plans that Appellee would rely on:

> 68. [Appellant] knew or intended that the plans, specifications and other engineering and technical information that they prepared, reviewed and furnished to [Appellee] and others for the Project would be used by [Appellee] in the course of and for guidance in performing its business activities in constructing the Project.
>
> 69. The plans, specifications, and other engineering and technical information prepared, reviewed and furnished by [Appellant] to [Appellee] and others for the Project were faulty, containing numerous errors, omissions, discrepancies and ambiguities, and were not otherwise in compliance with construction and design requirements.

---

[2] We cite to the reproduced record for the parties' convenience.

[3] According to Appellant, Appellee also sued Pittston in a separate lawsuit. R.R. at 26a. The status of that lawsuit is unknown, but was active as of January 30, 2018. *See generally Popple Const., Inc. v. City of Pittston*, 1146 CD 2017 (Pa. Cmwlth. Jan. 30, 2018) (order) (quashing City of Pittston's appeal as interlocutory).

*Id.* at 21a. Appellee's complaint detailed specific examples of the negligent

misrepresentations, *id.* at 21a-22a, and concluded as follows:

> 74. As a direct and proximate result of the negligent misrepresentations by [Appellant], [Appellee] experienced severe job delays, disruptions, hindrances, interferences and inefficiencies which, *inter alia*, prevented [Appellee] from performing its work in the time, manner and budget originally contemplated for the Project.
>
> 75. In response to the aforementioned violations, [Appellee] was forced to resequence and reschedule significant portions of its work, significantly increase manpower and site support staff, and substantially accelerate and compress the performance and completion of its work on the Project, all of which resulted in diminished efficiency and productivity and greatly increased [Appellee's] cost of performing the work on the Project.

*Id.* at 22a. We note that Appellee's complaint did not attach any exhibits,

such as the contract between Appellee and Pittston.

Appellant raised twelve preliminary objections. Appellant's first three

preliminary objections rely on the contract between Appellee and Pittston. *Id.*

at 28a-36a. Specifically, the first preliminary objection was that the contract

precluded Appellee from suing Appellant. *Id.* at 28a. The second and third

preliminary objections were that the contract contained no misrepresentations

and, therefore, Appellee's negligent misrepresentation claim was legally

insufficient. *Id.* at 29a-37a.

Appellant's fourth and fifth preliminary objections were that Appellee's

claim is barred by the economic loss doctrine or a lack of contractual privity.

*Id.* at 37a-39a. Appellant's sixth, seventh, eighth, ninth, and tenth

preliminary objections sought to strike various paragraphs as impertinent or

vague. *Id.* at 39a-44a. Appellant's eleventh preliminary objection claimed that Appellee failed to timely invoke the dispute resolution procedure set forth in the contract between Appellee and Pittston. *Id.* at 44a-49a. Appellant's twelfth and last preliminary objection was a motion to strike Appellee's request for costs and counsel fees. *Id.* at 49a-50a. Appellant's preliminary objections attached five exhibits, including excerpts from a contract between Appellee and Pittston. *Id.* at 27a, 82a. In sum, all of Appellant's preliminary objections at issue were based on the contract between Appellee and Pittston.

Appellee filed preliminary objections to Appellant's preliminary objections. *Id.* at 80a. Appellee sought to strike four of Appellant's preliminary objections as "impermissible 'speaking *demurrers*.'"[4] *Id.* at 83a. The trial court overruled Appellee's preliminary objections to Appellant's preliminary objections and ordered Appellee to file a response to Appellant's preliminary objections. *Id.* at 145a.

---

[4] This Court defined "speaking *demurrer*" as follows:

> A "speaking *demurrer*" is defined as "one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or, in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading." A "speaking *demurrer*" cannot be considered in sustaining a preliminary objection.

*Regal Indus. Corp. v. Crum & Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (citation omitted).

On January 24, 2017, the trial court sustained in part and overruled in part Appellant's preliminary objections as follows.

> (a) [Appellant's] Preliminary Objections I, II, and III (*Demurrer* pursuant to Pa. R.C.P. 1028(a)(4) are OVERRULED and DENIED *See* 68 P.S. ¶ 491, Restatement (Second) of Torts ¶ 552, and ***Bilt-Rite Contractors, Inc. v. Architectural Studio***[,] 866 A.2d 270 (Pa. 2005));
>
> (b) [Appellant's] Preliminary Objections IV and V are OVERRULED and DENIED. ***SEE*** [sic] ***Bilt-Rite Contractors, Inc.*** (supra).
>
> (c) [Appellant's] Preliminary Objections VI, VII, VIII, IX and X are GRANTED and SUSTAINED and paragraphs 43, 46, 53, 54, 56, 58, 60, 61, 62, 63, 64, 72, and 76 are STRICKEN;
>
> (d) [Appellant's] Preliminary Objection XI is OVERRULED and DENIED as a "speaking" *demurrer* as it is premised on a ruling in contractual litigation and not the negligence case at issue here;
>
> (e) [Appellant's] Motion to Strike (*Demurrer*) request for costs and attorney's fees is GRANTED by agreement of the parties; and
>
> (f) [Appellant] shall file a responsive pleading within 20 days of receipt of this Order.

Order, 1/24/17 (brackets in original omitted).

On February 9, 2017, Appellant filed a motion for partial reconsideration of Paragraph (a) in the January 24, 2017 order. The court denied Appellant's motion on February 22, 2017.

Meanwhile, on February 17, 2017, Appellant filed a petition to amend the court's January 24, 2017 order to include language from 42 Pa.C.S. §

702(b).[5]  The trial court denied Appellant's petition on March 1, 2017.  On

March 31, 2017, Appellant filed a petition for review with this Court under

Pennsylvania Rule of Appellate Procedure 1311(b).[6]  This Court granted the

_____

[5] The Section states:

> **(b) Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).

[6] Pa.R.A.P. 1311(b) provides, in relevant part, as follows:

> **(b) Petition for permission to appeal.** Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court or other government unit with proof of service on all other parties to the matter in the lower court or other government unit and on the government unit or clerk of the lower court, who shall file the petition of record in such lower court. An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b) shall be filed with the lower court or other government unit within 30 days after the entry of such interlocutory order and permission to appeal may be sought within 30 days after entry of the order as amended. Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

petition for review on May 12, 2017.[7]

Appellant raises the following issues on appeal:

A. Whether Count I of [Appellant's] Preliminary Objections to [Appellee's] Complaint should be sustained because Pennsylvania's Anti-Indemnity Act, 68 P.S. § 491 is not applicable.

B. Whether the contractor's agreement in the Construction Contract not to bring legal action against the Engineer is valid and enforceable.

C. Whether it is appropriate to rely upon **Bilt-Rite Contractors, Inc. v. Architectural Studio**, 866 A.2d 270 (Pa. 2005) and Restatement (Second) Of Torts § 552 in overruling [Appellant's] Preliminary Objections I, III, IV and V to [Appellee's] Complaint where the Complaint fails to allege the elements of the cause of action for negligent misrepresentation.

D. Whether it was an error of law for the trial court to overrule [Appellant's] Preliminary Objection XI to [Appellee's] Complaint as a speaking *demurrer*.

Appellant's Brief at 6.

Initially, we note that all of Appellant's arguments are based on the contract between Appellee and Pittston—a contract that was not attached to Appellee's complaint. For example, Appellant argues that Appellee's complaint failed to allege the elements for negligent misrepresentation. **Id.** at 36. In

---

Pa.R.A.P. 1311(b).

[7] Resolution of this appeal was delayed due to the trial court's failure to timely transmit the record to this Court and prepare a Pa.R.A.P. 1925(a) opinion.

support, however, they rely on contract language that was not included in

Appellee's complaint. *Id.* at 38-47; R.R. at 28a-37a.

We are guided by the following:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a *demurrer* test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a *demurrer* should be sustained, it should be resolved in favor of overruling the preliminary objections.

**Khawaja**, 151 A.3d at 630 (citation omitted). A court generally cannot

consider exhibits attached to a *demurrer* because such a "'speaking *demurrer*'

. . . cannot be used to supply a fact missing in the complaint." **Hall v.**

**Goodman Co.**, 456 A.2d 1029, 1035-36 (Pa. Super. 1983) (citations

omitted). "We can also affirm on any basis." **Prieto Corp. v. Gambone**

**Const. Co.**, 100 A.3d 602, 606 (Pa. Super. 2014) (citation omitted).

As noted above, Appellee filed a complaint alleging negligent

misrepresentation. Appellant's preliminary objections were based on a

contract that was not attached to Appellee's complaint. **See** R.R. at 82a. But

in reviewing a *demurrer*—because it tests the legal sufficiency of the

complaint—the court is limited to accepting as true material facts set forth in the complaint and all reasonable inferences therefrom. *See Khawaja*, 151 A.3d at 630. A court cannot consider facts not mentioned in the complaint—such as contractual clauses purportedly immunizing Appellant—as that would be an improper "speaking *demurrer*." *See Regal Indus.*, 890 A.2d at 398; *Hall*, 456 A.2d at 1035-36. Appellee's complaint did not attach any contract. Although it references a contract, we cannot reasonably construe the complaint's factual allegations and reasonable inferences therefrom as preventing Appellee from pursuing any tort claim of negligent misrepresentation against Appellant. *See Khawaja*, 151 A.3d at 630.

We add that Appellant did not specifically articulate a claim that Appellee failed to allege the elements of negligent misrepresentation in its preliminary objections. Instead, Appellant raises such an argument on appeal. *See* Appellant's Brief at 36. Assuming Appellant has preserved such an argument, it would not be entitled to relief.

In *Bilt-Rite Contractors*, the Pennsylvania Supreme Court stated the elements of negligent misrepresentation as follows:

> Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

*Bilt-Rite Contractors*, 866 A.2d at 277 (citation omitted).

Here, Appellee's complaint identified specific misrepresentations and alleged Appellant knew or should have known its representations were false and that Appellee would rely on the representations. *See* R.R. at 21a-22a. Appellee's complaint also alleged that as a result, it suffered damages. *See id.* at 22a. We are satisfied that Appellee has sufficiently pled the elements of negligent misrepresentation. *See Bilt-Rite Contractors*, 866 A.2d at 277.

In sum, given our review of Appellee's complaint and Appellant's preliminary objections, Appellant has not established Appellee would be unable to prove facts legally sufficient to establish the right to relief.[8] *See Khawaja*, 151 A.3d at 630 ("If any doubt exists as to whether a *demurrer* should be sustained, it should be resolved in favor of overruling the preliminary objections"). Because Appellant's claims on appeal are based on an improper speaking *demurrer*, we affirm the order below, albeit on different grounds. *See Prieto*, 100 A.3d at 606.

Order affirmed.

Judge Ott concurs in the result.

Judge Pellegrini concurs in the result.

---

[8] Whether Appellant's claim of contractual immunity is meritorious is an inquiry distinct from and outside the scope of whether Appellee has set forth a legally sufficient, cognizable cause of action. At an appropriate juncture, Appellant may raise its claim in an appropriate pleading.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/10/2019</u>